PARTHANA KILLIAM, plaintiff in error, vs. DAVID KILLIAM, defendant in error.

Where the husband and wife separate by agreement, and she takes back as her separate estate, the property which she brought into the marriage, and subsequently, the husband sues for a total divorce, no further allowance will be made to the wife, for her maintenance during the pending of the libel; the Court, however, will, upon application, compel the husband to advance to the wife, money enough to cover the expense of defending the litigation.

Killiam vs. Killiam.

Motion for alimony and counsel fees, from Dade county. Decided by Judge Trippe, November Term, 1857.

A motion was made in the Court below, on behalf of the plaintiff in error, for alimony and counsel fees, in a case of libel for divorce.

The defendant in error married the plaintiff in error in the month of February, 1855, and they continued to live together till the month of August following, when they separated, the impotent physical and mental condition of the said Parthana having, as the defendant in error averred in his bill, become fully known and manifest. At the time of the separation, by the agreement of the parties, the wife took away with her, property which the husband valued at $1,200, and after the motion for alimony and counsel fees, executed to her a deed of relinquishment to the same.

The plaintiff in error proved that the defendant in error was worth five or six thousand dollars, and stated that the property taken by her, on the separation, consisted in part of an estate in remainder, not then available, and that a considerable portion consisted of cloth and spun yarn, her own work, and that the property did not amount to $1,200.

The plaintiff in error excepted to the sufficiency of the deed of relinquishment, on the ground that it was made and filed after the motion for alimony and counsel fees came up for hearing. The Court overruled the objection, and the plaintiff in error excepted.

The Court refused the motion for alimony and counsel fees, and the plaintiff in error assigns the same as error.

Hooper & Tatom, for plaintiff in error.

Jacony, contra.

Killiam vs. Killiam.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an application by the wife, who was the respondent in the libel, for alimony and counsel fees.

The parties were married in February, and lived together till August ensuing, when they separated; the husband allowing the wife to take home with her all the property she brought, amounting in value to some $1,200, he retaining his own, valued at five or six thousand dollars. The husband subsequently sued for a total divorce, on account of both the bodily and mental imbecility of the wife, and she asks for a support pending the action, and counsel fees to defray the expense of litigation.

The view we take of this case is this: When the separation by agreement took place, the wife was content to take back the property she brought into the marriage. She deemed this enough for her maintenance, and we leave her to abide by it. The husband has executed and filed a deed to her in the Clerk's office, for the property, and if it be not valid, it can be made so.

But she did not, perhaps, anticipate a suit for a divorce; and this is an additional expense that she has been forced to incur by the husband; and we hold that an additional allowance should be made, to cover the expense of this litigation, which she has a right to resist; not only to repel the imputation cast upon herself, but to prevent a silly old man from imposing on some other woman, and then impute his own inability to the disappointed but uncomplaining wife.

Judgment reversed.