## PHINIZY *v.* PHINIZY.

1. Where a husband and wife living in a state of separation entered into a written contract by the terms of which the husband agreed to pay the wife for and during the term of her natural life the sum of $625 on the first day of each month, commencing on a certain date, as a " support or alimony," and where it appears that the husband also paid the attorney for the wife the sum of $1,000 as attorney's fees for representing her in bringing about the agreement, and the wife on her part agreed to " acquit, relieve, and relinquish" the husband " from any and all duties or obligations for her support and from any and all alimony now owing or that may come to be owing her, and from any and all monetary liability or responsibility to or for her, other than the performance of his obligations herein assumed by him;" and where subsequently the husband brought a suit for divorce against the wife on the ground of desertion, and the wife employed an attorney to defend the divorce suit, and on petition the court allowed the wife attorney's fees in the amount of $2,000 for such purpose, the contract between the husband and wife relative to the payment of alimony is no bar, under the facts of the case, to the allowance of attorney's fees to the wife by the court for the purpose of defending the divorce suit brought against her, the proper construction of the contract being that the parties contemplated a continued married relation.

2. The allowance of $2,000· to the wife for attorney's fees is not excessive under the facts of the case.

No. 2362. APRIL 13, 1921.

Application for fees in divorce suit. Before Judge Hammond. Richmond superior court. December 11, 1920.

Jacob Phinizy filed his petition for divorce against his wife, Mrs. Mary V. Phinizy, on the ground of wilful and continued desertion for more than three years. After service of the petition and process the defendant filed her petition to the court, alleging that she had employed Hon. William H. Fleming as attorney to represent her; and in order to enable her to defend herself against the charge of desertion, for which she alleged there was no foundation in fact, she prayed the judge to require the plaintiff to supply her with funds for reasonable attorney's fees in the divorce litigation. A hearing was had before the judge on the pleadings and on an affidavit of the petitioner, Mrs. Phinizy, and the entire settlement contract, hereafter set out, and on the affidavit of the respondent, Mr. Phinizy. By his answer to the rule it was averred that by the written agreement entered into between the respondent and his wife on July 22, 1915, after their separation, respondent had made ample provision for her support and had paid her counsel fees amounting to $1,000, in consideration of which his wife had relieved him from all alimony and from any and all monetary liability or responsibility to or for her, other than the performance of his obligations assumed by him in the contract. Mrs. Phinizy introduced the agreement executed by both parties, which is as follows:

" This agreement, made and entered into in duplicate, this 22nd day of July, in the year nineteen hundred and fifteen, between Jacob Phinizy as party of the first part, and Mary Vason Phinizy as party of the second part, both of Richmond County, Georgia, witnesseth :

" 1. That the parties hereto are husband and wife, and are now and have been for some time past living separate and apart, and have already agreed that they shall continue to live separate and apart.

" 2. The party of the first part recognizes and acknowledges that there is owing from him to said party of the second part a legal duty of support or alimony, and that said party of the second

part has an indefeasible and perfect legal right to a year's support and dower out his estate in the event of his death.

" 3.  The parties hereto, in consideration of the mutual covenants, obligations, releases, acquittances, and relinquishments herein set forth, do hereby covenant and agree, one with the other, as follows:

" 4.  The party of the first part binds and obligates himself, his heirs and legal representatives, as follows:  (a) He will pay unto the said party of the second part, or her order, in Augusta, Georgia, funds on the first day of each month, commencing on the first day of August, nineteen hundred and fifteen, for and during the term of her natural life, the sum of six hundred and twenty-five dollars ($625.00).  (b) He gives unto the said party of the second part, in fee simple, the Pierce-Arrow automobile now being used by her, and all the furniture, household and kitchen goods, silverware, china, glass, ornaments, books, and personal property of every kind and description, whether of the kind above specified or not, now contained in or on the house and premises No. 529 Greene St., Augusta, Georgia, now occupied by her.  (c) He will pay all State, county, municipal, and governmental taxes, water-rents, and assessments of all kinds that may be levied or charged against said property, No. 529 Greene Street, during the life of the said Mary Vason Phinizy.  (d) He will maintain at his expense, in some insurance company or companies authorized to do business in the State of Georgia, insurance against loss by fire during the life of the said party of the second part, payable to her as her interest may appear, on the buildings on said lot No. 529 Greene Street, to the amount of eleven thousand dollars ($11,000.00).

" 5.  The party of the second part binds and obligates herself, her heirs and legal representatives, as follows:  (a) She will and does hereby acquit, relieve, and relinquish the party of the first part, his heirs and legal representatives, from any and all duties or obligations for her support, and from any and all alimony now owing or that may come to be owing her, and from any and all monetary liability or responsibility to or for her, other than the performance of his obligations herein assumed by him.  (b) She has and does hereby release and relinquish the said party of the first part, his heirs and legal representatives, and all real estate

and property of every kind belonging to his estate at the time of his death, whether in possession or expectancy, from all liability for year's support, dower, and every other claim or right that she has or may have against him or his said estate, except the continued performance of all the obligations herein assumed by him and to which he has bound his heirs and legal representatives. (c) She agrees that if during the life of the said party of the first part she should desire to sell any of the furniture, silverware, or contents of No. 529 Greene Street which have passed to her under this agreement, she will first offer and give to him the option to purchase the same, at its then market value. If an agreement can not be reached between the parties as to its then market value and he desires to purchase the same, the value shall be determined by arbitration, each party selecting one arbitrator and they two an umpire, and the finding made by this majority shall be final and conclusive, and she shall be required to sell, and he shall be required to buy, at the price thus fixed.

" 6. Should either party hereto find it necessary to take any action in court to enforce any rights hereunder, the party making such proceedings necessary shall pay all expenses thereof, including reasonable attorney's fees.

" 7. It is further mutually agreed between the parties hereto that during the continuance of the lives of both of them there shall be no discussion or interference by one with the other or with their respective affairs, either directly or indirectly, by word or writing, by inquiry or criticism. A violation of this covenant by either party shall be sufficient grounds, upon proof thereof, to sustain a proper court proceeding for the annulment of this contract. Should such contract be annulled, both parties shall be immediately restored to all their rights and privileges as they existed prior to the execution thereof, the same as if this contract had never been executed. If either party should seek to annul this contract by a court proceeding under this paragraph, and fail, the party instituting such proceeding shall pay to the other party all expenses, including reasonable attorney's fee, incurred by reason of defending against such attack."

Mrs. Phinizy also introduced her own affidavit, in which she admitted the execution of the written agreement, and further deposed that the agreement did not contemplate a waiver of right

to attorney's fees to defend herself against an " unjust suit for divorce, because the agreement itself shows on its face that the parties contemplate remaining husband and wife in a state of separation, by mutual consent, and in itself negatives any idea of divorce." She further deposed that the allowance made to her under the agreement was in reality not sufficient to maintain her in the same style of living to which she had been accustomed as the plaintiff's wife; that she was unable to save from that allowance a proper sum to compensate counsel for undertaking her defense; that defendant is reputed in the community to be worth probably one million dollars; he has no children to support or inherit his wealth, and he is amply able to supply the means to enable her to employ counsel to defend her in the suit which he has filed for divorce. Mr. Jacob Phinizy, the plaintiff, introduced his own affidavit, referring to the agreement with his wife, and deposing that he entered into said agreement as a substitute for and in lieu of all her rights or claims for temporary or permanent alimony or other rights; that the obligations in the agreement have been carried out since that date; that at or about the time the agreement was entered into he paid to William H. Barrett, the attorney representing his wife, Mrs. Mary V. Phinizy, " for the negotiation, preparation, and execution of the agreement, the sum of $1,000.00 as expense of litigation, for which he was advised he was liable under the law in such cases provided."

After argument the court held that the plaintiff in error was liable to his wife for the payment of her attorney's fees, and fixed the amount thereof at $2,000. To this judgment the plaintiff in error excepted.

*C. H. & R. S. Cohen* and *Callaway & Howard*, for plaintiff in error.

*William H. Fleming*, contra.

HILL, J. (After stating the foregoing facts.)

1. The sections of the Civil Code (1910) which bear upon the question at issue, are as follows: § 2976. " Whenever an action for divorce, at the instance of either party, is pending, or a suit by the wife for permanent alimony, the wife may, at any regular term of the court in which the same is pending, apply to the presiding judge, by petition, for an order granting to her temporary alimony pending the cause; and after hearing both parties, and

evidence as to all the circumstances of the parties and as to the fact of marriage, the court shall grant an order allowing such temporary alimony, including expenses of litigation, as the condition of the husband and the facts of the case may justify." § 2977. "In arriving at the proper provision, the judge shall consider the peculiar necessities of the wife, growing out of the pending litigation; he may also consider any evidence of a separate estate owned by the wife, and if such estate is ample, as compared with the husband's, temporary alimony may be refused." § 2979. " On application for temporary alimony, the merits of the cause are not in issue, though the judge, in fixing the amount of alimony, may inquire into the cause and circumstances of the separation rendering the alimony necessary, and in his discretion may refuse it altogether." It is admitted on argument here that when legal proceedings are instituted by a wife against her husband either for alimony or for divorce, she has the right to have her husband pay the expenses of litigation, including attorney's fees; but it is insisted by the plaintiff in error that while a wife has such rights against her husband, there is no limit placed upon her by law to dispose of or contract such rights away, and that this was done in the instant case under the contract already set out. It is contended that under this contract Mrs. Phinizy not only contracted away all of her rights to alimony, both temporary and permanent, but also all of her legal rights to require her husband to pay legal expenses including her attorney's fees, except as set out in the agreement. It is pointed out that the agreement expressly provided in paragraph 6 that should " either party find it necessary to take action in court to enforce any rights hereunder, the party making such proceeding necessary shall pay all expenses thereof, including reasonable attorney's fees." It is argued from this that the parties intended to make the agreement exhaustive of all their financial rights, claims, or obligations legally existing under their marital relations. We can not agree with these conclusions. We think that the contract entered into between the plaintiff and defendant does not bar the defendant from her right to have attorney's fees with which to defend the divorce suit. The agreement evidently did not contemplate divorce proceedings. Properly construed it contemplates a continuation of a state of separation between the parties, who, so far as the contract shows, were to remain as husband and wife;

and we can not assume that they had in contemplation that the husband would change that status by bringing a suit for divorce against his wife and thus put upon her the burden of defending such suit; and it appears from the record that she is defending it, and sets up that she did not desert her husband as alleged in the petition. The case is similar in its facts to that of *Killiam* v. *Killiam*, 25 *Ga.* 186, where this court held: "Where the husband and wife separate by agreement, and she takes back as her separate estate the property which she brought into the marriage, and subsequently the husband sues for a total divorce, no further allowance will be made to the wife, for her maintenance during the pending of the libel; the court, however, will, upon application, compel the husband to advance to the wife money enough to cover the expense of defending the litigation." The *Killiam* case was an application by the wife, who was the respondent in the libel, for alimony and counsel fees. The parties were married in February and lived together until August ensuing, when they separated; the husband allowing the wife to take home with her all the property she brought, amounting in value to some $1200; he retaining his own, valued at five or six thousand dollars. The husband subsequently sued for a total divorce on account of both the bodily and mental incapacity of the wife; and she asked for a support pending the action, and counsel fees to defray the expense of litigation. The court through Lumpkin, J., delivering the opinion, said: "The view we take of this case is this: When the separation by agreement took place, the wife was content to take back the property she brought into the marriage. She deemed this enough for her maintenance, and we leave her to abide by it. The husband has executed and filed a deed to her in the clerk's office, for the property; and if it be not valid, it can be made so. But she did not, perhaps, anticipate a suit for divorce; and this is an additional expense that she has been forced to incur by the husband; and we hold that an additional allowance should be made, to cover the expense of this litigation, which she has a right to resist; not only to repel the imputation cast upon herself," etc. It will be observed that in that case alimony as such was refused, but that attorney's fees were allowed. That decision was rendered in 1858, before the married woman's act of 1866. The court evidently treated the money which the wife had brought into the marriage as the prop-

erty of the husband, and, under the agreement between the husband and wife, that stood in lieu of alimony. It will be observed, too, that the court stated in that case that the wife " did not perhaps anticipate a suit for divorce; and this is an additional expense that she has been forced to incur by the husband."

In the case of *McGee* v. *McGee,* 10 *Ga.* 477, 484, Judge Nisbet, discussing the question of the right of the wife, pending a suit for divorce, to maintenance and expenses which she may incur in conducting it, said: " Whatever may be said of the policy of divorces, the right to the means of prosecuting them, and of support during their pendency, so long as they are authorized by law, can not be questioned. The right to be divorced would be a bitter mockery, if to obtain it an injured wife is obliged to endure, not only violence to womanly delicacy, but penury and destitution. Equally revolting is it to a proud, albeit a wounded spirit, to be constrained to sue (as Judge Gaston suggests she may sue) in *forma pauperis,* and beg the whilst for food and raiment. Rather than submit to humiliation so great, an *innocent* woman would forego her rights, and endure the iron even whilst it pierced her heart. And what if she be not innocent — what if her suit be unfounded or her defense impossible? Surely, even then, she is entitled to the privilege of the vilest felon, that of being heard. To be heard she must have the means. To be heard, as becomes a *prima facie* innocent wife, she must appear before the court and the country, not as a dependent for maintenance, but as a law-protected woman."

We think, from a reading of the contract, it is clear that the parties thereto not only contemplated that a state of separation would continue between them as man and wife, but that no divorce proceedings were in contemplation. Indeed, if the latter were in contemplation when the contract was made, it is doubtful whether such contract could be enforced. Having held, therefore, that the agreement provided for a continuation of the separation of the parties, we think that Civil Code § 2976, quoted in the beginning of this opinion, is applicable. From the foregoing we conclude that the court did not err in awarding to the defendant attorney's fees with which to defend her rights whatever they may be, under the answer which she filed to the divorce suit, denying the grounds thereof.

2. In view of the uncontradicted evidence which shows the plaintiff to be worth approximately one millon dollars, the circumstances of the parties, and of the defense which is set up in the case, it can not be held that the fee of $2,000 which was allowed by the court is excessive.

*Judgment affirmed. All the Justices concur.*