LULA TAYLOR v. F. L. TAYLOR AND F. W. TAYLOR.

(Filed 15 May, 1929.)

1. **Pleadings D b—Complaint alleging conspiracy to defraud plaintiff out of marital rights and asking alimony not misjoinder.**

   A complaint in proceedings by the wife under the provisions of 3 C. S., 1667, for allowance for subsistence and counsel fees, with allegations that the husband had fraudulently conveyed his lands to his father under a conspiracy to defraud the plaintiff out of her marital rights, and afterwards had grossly abused her and coerced her into accepting a deed of separation is good, and a demurrer thereto for misjoinder of parties and causes of action should be overruled, the various causes for which relief is sought being based on a conspiracy or arising out of the same subject-matter or transaction.

2. **Divorce E b—Validity of separation deed need not be determined before granting alimony, and both causes may be joined in one action.**

   Where in proceedings by the wife to secure her subsistence and reasonable counsel fees under the provisions of 3 C. S., 1667, it is alleged that a separation agreement was procured by fraud, sufficiently pleaded, objec-

tion that the validity of the separation contract must be first determined in an independent action is untenable, the statute expressly providing that alimony may be granted "pending the trial and final determination of the issues."

**3. Marriage Promise B a—Where parties are bound by contract to marry neither may give away property without consent of the other.**

Where the parties have been bound by a contract to marry, neither can give away his or her property without the consent of the other, and notice before the marriage does not hinder the party injured from insisting on the invalidity of the gift before marriage.

APPEAL by plaintiff from *Harding, J.,* at Chambers, 2 January, 1929, of MOORE. Reversed.

Civil action to obtain alimony without divorce. Heard on motion.

The allegations of the complaint are to the effect that Lula Taylor lived about a mile from the defendant F. L. Taylor, near the town of Vass, in Moore County. That the defendant F. L. Taylor had seduced the plaintiff under promise of marriage, and afterwards they were married on 14 July, 1928, in Randolph County. That on that date, or prior thereto, F. L. Taylor was the owner of certain lands in Moore and Cumberland counties, described in the complaint with particularity. That since the marriage, defendant F. L. Taylor had repeatedly and almost continuously offered to the plaintiff such indignities to her person as to render the condition of plaintiff's life intolerable and burdensome, which is set forth in detail. That he had abandoned her without providing the necessary means of subsistence according to her condition in life. Then a conspiracy and fraud is charged between F. L. Taylor and his father, F. W. Taylor, with whom F. L. Taylor lived, to defraud her out of her marital rights. The conspiracy and fraud being set forth at some length. F. L. Taylor by a deed purporting to be signed two days before his marriage with plaintiff, conveyed all his real estate to F. W. Taylor for the "consideration of $100.00, and other valuable considerations." That the deed was executed and delivered after the marriage, but if before was a part of the fraud and conspiracy. That F. L. Taylor, after he had been married two weeks, induced plaintiff to consent to go to California with him. F. W. Taylor, his father, a railroad employee, procured free passes for himself and wife, and F. L. Taylor used these passes. Before leaving North Carolina, F. L. Taylor had an attorney prepare a separation agreement, relinquishing plaintiff's marital rights for $1,000. This she refused to sign. That in carrying out the fraud and conspiracy he did not go to California, but stopped at Reno, Nevada. She was with child and pregnant for about four and a half months. She was penniless and he threatened to leave her in a strange city, far away from home. That he employed a lawyer at Reno and compelled plaintiff, by undue

influence, coercion and duress, to sign a paper-writing which he signed, and had put in it the following: "Whereas, the said F. L. Taylor has wilfully heaped upon the said Lula Taylor such indignities as to render her condition intolerable and life burdensome." The deed of separation sets forth payment of $1,000 to be made in certain installments. The complaint alleges "After the defendant F. L. Taylor paid to the plaintiff $75.00 aforesaid and after the plaintiff had signed said purported deed of separation, the defendant, F. L. Taylor, nevertheless remained with the plaintiff for one night and two days, slept with the plaintiff during said night and compelled her to have sexual intercourse with him during said night." That the payment he made in Reno was taken by plaintiff for necessary subsistence.

The allegations of fraud, undue influence, conspiracy, coercion and duress, in their most harrowing details, are set forth—unnecessary to further repeat.

The plaintiff's prayers for relief:

1. That the purported deed of separation set forth in the complaint be set aside and declared void.

2. That the purported deed from the defendant F. L. Taylor to the defendant F. W. Taylor, set forth in the complaint, be set aside and declared void.

3. That a reasonable sum be fixed and adjudged by the court for the support and maintenance of the plaintiff and for the expenses of counsel in this cause, and that the defendant, F. L. Taylor, be adjudged and decreed to pay such fixed sum from time to time to the plaintiff for her support and maintenance as the wife of the defendant, F. L. Taylor, and to that end that the lands and property of the defendant, F. L. Taylor, described and referred to in the complaint be condemned and sold under the course and practice of the court and the proceeds paid to the plaintiff as her reasonable maintenance and support due to her from the defendant, F. L. Taylor, as his wife.

4. For all such other and further relief as the plaintiff may be entitled to in law or equity under the complaint.

The defendants answer and deny any fraud, undue influence, coercion, conspiracy or duress. Defendants allege that part of the agreement has been paid and they stand ready, able and willing to pay the balance. The defendants demurred ore tenus.

The court sustained the demurrer ore tenus of the defendants that several causes of action were improperly united in the same complaint, to wit, against F. L. Taylor for alimony under C. S., 1667, with action to set aside a deed of separation executed by plaintiff to defendant, acknowledged in Nevada and probated in North Carolina, and recorded here, with still another action by plaintiff to set aside a deed of convey-

ance by the defendant, F. L. Taylor to the defendant F. W. Taylor; and the defendant F. L. Taylor further demurs to the motion of the plaintiff for alimony, and resists said motion upon the ground that the court is without jurisdiction to set aside and declare void the deed of separation set up both in the complaint and in the answer, and that so long as said deed of separation is not annulled the plaintiff is not entitled to alimony or counsel fees, and that the statute does not require the husband to pay alimony or counsel fees in an action to set aside a deed of separation alleged to have been executed under duress, or in an action to set aside a deed for property alleged to have been executed in fraud. The court sustained the demurrer and the plaintiff excepted, assigned error and appealed to the Supreme Court.

*W. R. Clegg and U. L. Spence for plaintiff.*
*Hoyle & Hoyle, W. Duncan Matthews and H. F. Seawell & Son for defendants.*

CLARKSON, J. The plaintiff's complaint seeks relief as follows: (1) For alimony and counsel fees under C. S., 1667. (2) To set aside a deed of separation between the plaintiff and defendant. (3) To set aside a deed from F. L. Taylor to F. W. Taylor. A conspiracy and scheme growing out of the marriage contract—the one transaction is charged against defendants. All flow from "The same transaction or transaction connected with the same subject of action." C. S., 507(1).

C. S., 1667 (N. C. Code, Anno.), in part, is as follows: "If any husband shall separate himself from his wife and fail to provide her and the children of the marriage with the necessary subsistence according to his means and condition in life, or if he shall be a drunkard or spendthrift, or be guilty of any misconduct or acts that would be or constitute cause for divorce, either absolute or from bed and board, the wife may institute an action in the Superior Court of the county in which the cause of action arose to have a reasonable subsistence and counsel fees allotted and paid for or secured to her from the estate or earnings of her husband. *Pending the trial and final determination of the issues involved in such action, and also after they are determined, if finally determined, in favor of the wife, such wife may make application to the resident judge of the Superior Court, or the judge holding the Superior Courts of the district in which.the action is brought, for an allowance for such subsistence and counsel fees,* and it shall be lawful for such judge to cause the husband to secure so much of his estate or to pay so much of his earnings, or both, as may be proper, according to his condition and circumstances, for the benefit of his said wife, and the children of the marriage, having regard also to the separate estate of the wife," etc. (Italics ours.)

Under this section, when a man marries he assumes, and the law imposes on him, certain duties and obligations to the woman. It is contended by defendants that the deed of separation must first be declared invalid. The above statute is to the contrary.

In *Barbee v. Barbee,* 187 N. C., at pp. 538-9, it is said: "Plaintiff takes the position that where the facts of marriage is in issue, as it is here, no order awarding an allowance for a reasonable subsistence and counsel fees under C. S., 1667, as amended by chapter 123, Public Laws 1921, may be made until such issue has been determined by a jury. Such was the holding in *Crews v. Crews,* 175 N. C., 169, decided 6 March, 1918, but the law in this respect has been changed by chapter 24, Public Laws 1919; and it is now provided by statute that the wife may make application for an allowance for a reasonable subsistence and counsel fees 'pending the trial and final determination of the issues involved in such action.'" *Vickers v. Vickers,* 188 N. C., 448; *Price v. Price, ibid.,* 640; *Simmons v. Simmons,* 192 N. C., 825.

On the ground of public policy, deeds of separation are not favored by the law, but under certain circumstances they are recognized by certain statutes, when signed in conformity thereto. C. S., 2515, 2516, 2529. In C. S., 2516, it is written "contracts between husband and wife not forbidden by the preceding section and *not inconsistent with public policy are valid.*"

It seems to be unquestioned that a separation agreement must be untainted by fraud, must be in all respects fair, reasonable and just, and must have been entered into without coercion or the exercise of undue influence, and with full knowledge of all the circumstances, conditions, and rights of the contracting parties. *Hughes v. Leonard,* 66 Colo., 500; 5 A. L. R., Anno. at p. 823. *Smith v. King,* 107 N. C., 273; *Archbell v. Archbell,* 158 N. C., 408.

If the facts alleged are found by the jury not to be true and the deed of separation sustained as valid, no harm can follow, as any subsistence allowed to plaintiff during the pendency of the action, can be credited on the amount agreed to be paid under the deed of separation.

Where the parties have bound themselves by a contract to marry, neither can give away his or her property without the consent of the other; and notice before the marriage of such a gift does not hinder the party injured from insisting on its invalidity. *Poston v. Gillespie,* 58 N. C., 258; *Logan v. Simmons,* 38 N. C., 487; *Spencer v. Spencer,* 56 N. C., 404; *Johnson v. Peterson,* 59 N. C., 12. See *Edwards v. Culberson,* 111 N. C., 342.

In *Trust Co. v. Pierce,* 195 N. C., at p. 718, citing numerous authorities, this observation is made: "A connected story is told and a com-

plete picture is painted of a series of transactions, forming one general scheme, and tending to a single end. This saves the pleading from the challenge of the demurrers." *Scales v. Trust Co.,* 195 N. C., 772.

We think the demurrer *ore tenus* should have been overruled. The judgment below is

Reversed.