MARY BELLE BROWN v. E. A. BROWN.

(Filed 28 June, 1933.)

**Divorce E a—Judgment upon deed of separation held complete bar to application for alimony pendente lite.**

> Where the husband and wife execute a deed of separation in conformity with the statutes, C. S., 2515, 2516, 2529, and without coercion or undue influence, which provides for the transfer of certain real estate and personal property to the wife and in which they agree to live separate and apart from each other and to release each other from all property and other rights arising out of the marital relationship, and the deed of separation is approved by a consent judgment upon findings by the court that the terms of the deed of separation were not injurious to the wife and were fair and reasonable: *Held*, the consent judgment may be pleaded as a complete bar to the wife's application for alimony *pendente lite* and for reasonable counsel fees, C. S., 1666, in the wife's subsequent action for divorce *a mensa et thoro*, C. S., 1660, and an order denying the application for alimony and retaining the cause for trial upon the issue of the wife's right for divorce *a mensa* is not erroneous.

BROGDEN, J., concurring.

STACY, C. J., and CONNOR, J., dissenting.

APPEAL by plaintiff from *Barnhill, J.,* at Chambers in Durham, N. C., 20 September, 1932. Affirmed.

Plaintiff set forth fully her grievances in her complaint against defendant, and her prayer for relief is as follows: "Wherefore, the plaintiff prays: first, that the plaintiff be granted a divorce *a mensa et thoro* from the defendant; second, that the defendant be compelled to support the plaintiff and her children according to his means and station in life; and third, that pending the final determination of this action he be required to contribute a reasonable amount for the support of the plaintiff and said children, and that the defendant be likewise required to pay reasonable attorney's fee to the plaintiff's attorneys, and that she have such other and further relief to which she may be entitled."

The defendant, in answer, after denying the material allegations of plaintiff's complaint, says: "That these matters and things are not the proper subject of an action by plaintiff against this defendant, as all of the material allegations set forth in the complaint of the plaintiff have been fully, finally and completely determined and settled by a former judgment of the Superior Court of Orange County, which judgment is now specifically pleaded by this defendant, upon the ground that all of said matters and things have been fully and finally determined and same are now *res judicata.* Wherefore, having fully answered the complaint of the plaintiff herein filed, the defendant now asks that said complaint be dismissed, that the plaintiff take nothing by her action, and that the defendant go without day and recover his costs as taxed by the court."

The judgment of Judge Devin, signed at December Term, Orange County Superior Court, set forth as an estoppel by defendant, is as follows: "This cause coming on to be heard before the undersigned judge presiding at the December Term of the Superior Court of Orange County at Hillsboro, and it being heard, and it appearing to the court that this action was commenced by the plaintiff against the defendant pursuant to section 1667 of the Consolidated Statutes of North Carolina to have secured to her from the property and earnings of the defendant a reasonable subsistence, and, it further appearing to the court that the plaintiff and defendant and their counsel have agreed upon a division of the property of the defendant and a permanent separation of the plaintiff and defendant, all as set out in a certain separation agreement, dated 10 December, 1928, a copy of which is attached hereto and made a part of this judgment. After due inquiry the court being of the opinion that the division of the property as set out in the separation agreement, is a fair and equitable one and not in any way injurious to the plaintiff; it is now, therefore, by consent ordered, adjudged and decreed that the separation agreement made and entered into between the plaintiff and defendant, a copy of which is attached hereto, be and the same is hereby in all respects approved, and that the permanent custody of the children of the plaintiff and defendant be committed to Mary Belle Brown, and that out of the property conveyed to her, she shall support and maintain them. It is further ordered and decreed that the defendant pay all costs of this action, together with the interest on the indebtedness of $4,000 owing by him on the property awarded to his wife to 10 December, 1928. It is further ordered and adjudged that the notes heretofore made by the defendant and secured by deed of trust on the property awarded to the plaintiff be canceled within sixty days from 10 December, 1928, so that the same may not be an outstanding liability of the defendant. It is further ordered and adjudged that

3—205

the defendant give the plaintiff immediate possession of the real estate described in said separation agreement, and that the rents accrued thereon from and after 10 December, 1928, shall be payable to her. (Signed) W. A. Devin, judge presiding. By consent: (Signed) A. H. Graham, attorney for E. A. Brown. North Carolina, Orange County: These articles of agreement entered into between E. A. Brown, of Orange County, N. C., and Mary Belle Brown, of Orange County, N. C., this 10 December, 1928. Witnesseth: That, whereas, the said E. A. Brown and Mary Belle Brown were lawfully married in Alamance County, North Carolina, on 11 March, 1911. That there have been born of said marriage two children, Otway Brown, now of the age of 15 years, and Mary Madelaine Brown, now of the age of 11 years. That the said E. A. Brown and Mary Belle Brown lived together as man and wife until 27 October, 1928, on which date they separated, being unable to agreeably live together as man and wife; and whereas, it is mutually agreeable that they shall each live separate and apart from the other; now, therefore, for and in consideration of the conveyance to the said Mary Belle Brown by E. A. Brown of the following two described tracts of real estate, situate in the town of Chapel Hill, N. C., described as follows, to wit: (Description of property.) Which conveyance has been effected by deed of even date herewith, the receipt of which is hereby acknowledged and which is accepted subject to encumbrances amounting to four thousand dollars, with interest paid thereon to 10 December, 1928. Also the delivery of possession to Mary Belle Brown of the household and kitchen furniture now in the large dwelling-house on tract number one above described, excepting therefrom only the personal effects of E. A. Brown, one iron safe, and one walnut bedroom set. The said E. A. Brown and Mary Belle Brown do mutually agree to live separate and apart from one another, and in consideration of the said conveyance of real estate, to her, the said Mary Belle Brown agrees and by these presents does agree to release and relinquish all right of support, all right of dower, and all other personal and property rights which she might have acquired, against the person or property of the said E. A. Brown by virtue of the aforesaid marriage, and does hereby receive and accept the aforesaid deed in full settlement and satisfaction of all and every right that she may hold against the person or estate of the said E. A. Brown in consequence of the aforesaid marriage, and she does further agree to abandon, relinquish, and release the said E. A. Brown of all and every right of suit that she might have against him by reason of any act of abandonment that he might have committed in the past, and further agrees to release him of any claim which she might have against him by reason of the aforesaid marriage. And in consideration of the delivery of the aforementioned deed of conveyance,

receipt of which is hereby acknowledged, the said Mary Belle Brown does hereby agree and obligate herself to look after, control, maintain and support the two children, Otway Brown and Mary Madelaine Brown, and further agrees and binds herself to hold the said E. A. Brown free and harmless from any claim which the said minors Otway Brown and Mary Madelaine Brown have or might have against the said E. A. Brown for support and maintenance. And the said E. A. Brown agrees to release the said Mary Belle Brown of all and every right of courtesy and all rights that he acquired in any property that she might have by reason of the conveyance herein referred to or otherwise, or might in the future possess, and all personal rights that he might have acquired against her by virtue of the aforesaid marriage, and the said E. A. Brown does hereby surrender and give over to Mary Belle Brown full and complete care, custody and control over the two children born of their marriage, to wit: Otway Brown and Mary Madelaine Brown, releasing unto the said Mary Belle Brown any rights which the said E. A. Brown may have as the natural father of the said children. It is mutually agreed that the said E. A. Brown and Mary Belle Brown shall each live separate and apart from the other independent of the other to the same extent as if they had never been married and each shall in the future contract and be contracted with independent of the other to the full extent as if they had never been married. It is further mutually understood and agreed that the execution and delivery of this instrument and the acceptance and registration of the same shall constitute a complete separation of the parties hereto to the end that either may do with their respective property as they may see fit and that they may be enabled to make, sell, convey, or otherwise dispose of said property free and discharged from any claim or demand present or prospective which either party might otherwise have by virtue of their marriage hereinbefore referred to. In testimony whereof the said E. A. Brown and Mary Belle Brown have hereunto set their hands and seals this 10 December, 1928. E. A. Brown (Seal)—Mary Belle Brown (Seal)."

The judgment of the court below is as follows: "This cause coming on for hearing before his Honor, M. V. Barnhill, judge, at Chambers in Durham, N. C., on Tuesday, 20 September, 1932, at 12:00 o'clock noon, upon the motion of the plaintiff asking for an order directing the defendant to pay to the plaintiff a reasonable monthly amount for the support of the plaintiff and her children, and for reasonable attorney's fees pending the final trial of the action, which is in the nature of a suit for divorce *a mensa et thoro;* and after hearing the pleadings read by attorneys representing both parties to this action, and the plaintiff through her attorney, Mr. Robert T. Giles, having admitted that practically the same allegations as contained in Articles I, II, III, IV, V, VI,

BROWN *v.* BROWN.

and VII in the present complaint were embodied in a former complaint filed by the plaintiff on 2 November, 1928, and that a deed of separation was duly entered into between said plaintiff and defendant on 10 December, 1928, which deed of separation, after being duly approved by the court, was recorded in the office of the register of deeds of Orange County, and that the provisions embodied in said deed of separation were approved and confirmed by a final judgment signed by his Honor, W. A. Devin, judge presiding at the December Term of Orange Superior Court, 1928. Now, therefore, upon the foregoing facts, the court is of the opinion that the motion of the plaintiff in the present action cannot prevail and that the plaintiff is barred by the former judgment of the court dealing with the same subject-matter, and the motion of plaintiff for monthly maintenance and support for herself and her children and attorneys' fees pending the final trial of this suit for divorce is accordingly denied, and the action is allowed to remain on the calendar of the Orange Superior Court for the determination of the question of divorce sued for in said complaint, and for this purpose only."

The defendant, after pleading estoppel in his answer to his wife's complaint, among other things says: "At the instigation of plaintiff (his wife) this defendant was committed to the State hospital for the insane . . . that he was released over her (his wife's) zealous activities expended in preventing said release . . . that a jury of Orange County citizens declared defendant sane during the month of July, 1928." The defendant further says: "That defendant's health has been bad for several years and that he is unable to do hard physical work, but in order to try to make a living he has been operating a small furniture store; that the capital invested in said furniture store is only $600.00, of which amount defendant owns one-half. That defendant has further been renting a room in which to sleep and has been paying therefor the sum of $1.25 per week, and has in order to save as much as possible done his own cooking over a small oil stove in the basement of the furniture store which he is now attempting to operate. That considering board and lodging and clothes, defendant asserts that he has not expended upon himself more than $104.00 during the past eight months and has been just as economical as it is humanly possible to live, trying in every way to save, but due to depressed conditions, defendant has been unable to acquire or save any property and that now if a settlement of his obligations were had, he would be found to be insolvent."

The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.

*R. T. Giles and W. S. Roberson for plaintiff.*
*Graham & Sawyer for defendant.*

CLARKSON, J. The only question involved on this appeal is whether the consent judgment and separation agreement made between plaintiff and defendant is a bar to plaintiff's action under C. S., 1666. We think so.

A separation agreement between husband and wife must be fair and reasonable and entered into without coercion or undue influence. Separation agreements are not favored by law, but under certain circumstances are recognized by statutes when signed in conformity thereto. C. S., 2515, 2516, 2529; *Taylor v. Taylor,* 197 N. C., 197, 148 S. E., 171.

The terms of a separation agreement between husband and wife were enforced in *Peeler v. Peeler,* 202 N. C., 123. One of the provisions in this separation agreement between plaintiff and defendant is clearly stated as follows: "The said E. A. Brown and Mary Belle Brown do mutually agree to live separate and apart from one another, and in consideration of the said conveyance of real estate, to her, the said Mary Belle Brown agrees and by these presents does agree to release and relinquish all right of support, all right of dower, and all other personal and property rights which she might have acquired, against the person or property of the said E. A. Brown by virtue of the aforesaid marriage, and she does further agree to abandon, relinquish, and release the said E. A. Brown of all and every right of suit that she might have against him by reason of any act of abandonment that he might have committed in the past, and further agrees to release him of any claim which she might have against him by reason of the aforesaid marriage."

Defendant has fully performed his part of the separation agreement with plaintiff and consent judgment. Plaintiff received certain property on the distinct agreement that it was to release and relinquish all right of support she had by virtue of her marital rights with defendant. She was *sui juris* when she consented to the judgment and made the agreement—no fraud or mistake is alleged on her part. We think that she is estopped by the judgment and agreement.

We do not think *Bailey v. Bailey,* 127 N. C., 474, applicable. At p. 475, it is said: "No separation is hinted at, even, and the matter seems to have been purely a business transaction in reference to the property owned by each of the parties to the instrument." The agreement did not indicate that the parties were living separate and apart, and the language did not in clear terms, as the present "release and relinquish all right of support," etc. In the *Bailey case* the parties were living together and expected to continue, and the husband to support his wife.

The court below set forth in the judgment: "After due inquiry the court being of the opinion that the division of the property as set out in the separation agreement, is a fair and equitable one and not in any way injurious to the plaintiffs," etc.

The court below also stated in the judgment: "The action is allowed to remain on the calendar of the Orange Superior Court for the determination of the question of divorce sued for in said complaint, and for this purpose only." This action is also for divorce *a mensa et thoro* under C. S., 1660, and it is retained for that purpose. *Lentz v. Lentz,* 193 N. C., 742. See *Sanders v. Sanders,* 167 N. C., 317; *Archbell v. Archbell,* 158 N. C., 408. The judgment of the court below is
    Affirmed.

BROGDEN, J., concurring: The major point in the case is whether the trial judge had the power to make the requested allowances to the plaintiff. Obviously, an allowance to a wife by whatever name called, is payable from the estate or earnings of the husband, and necessarily affects a property right. It appears from the record that the husband and wife entered into an agreement with the approval and sanction of a court of justice whereby the parties should live "separate and apart from the other independent of the other to the same extent as if they had never been married, and each shall in the future contract and be contracted with independent of the other to the full extent as if they had never been married." It is further agreed that the wife "does hereby receive and accept the aforesaid deed in full settlement and satisfaction of all and every right that she may hold against the person or estate of said E. A. Brown in consequence of the aforesaid marriage." The right to support grows out of the marital status and is personal to the wife. In other words, if the wife does not seek support in accordance with the provisions of the statute, no one else has any standing in court to speak for her or to enforce her rights in that particular. Public policy recognizes the right of a wife to contract with her husband with reference to mutual property rights or with reference to separation agreements based upon a mutual release of property rights. If the right of alimony and counsel fees is a property right, growing out of marriage, and the wife has the power to contract and does contract with reference thereto, with the approval and sanction of a court, then it would seem that a judge had no discretion in the matter. Discretion exists only when a matter is open for negotiation and not precluded by a provision of the law or a valid agreement of the parties. Consequently, I am of the opinion that the trial judge had neither the power nor the discretion to dip his hand into a pocket which was protected by a valid contract of a person under no disability and under the solemn sanction of the judgment of a court of competent jurisdiction.

STACY, C. J., dissenting: This is a civil action for divorce *a mensa et thoro* under C. S., 1660, with application for alimony *pendente lite* under C. S., 1666.

Several years prior to the bringing of the present action, plaintiff instituted suit against the defendant for subsistence without divorce under the provisions of C. S., 1667. Pending final determination of said action, plaintiff and defendant executed a separation agreement, in which, among other things, it was provided that certain real estate should be conveyed to the plaintiff out of which she was to care for herself and two minor children, and both husband and wife reciprocally undertook to release each other from any and all property rights, personal obligations and liabilities of any and every kind, which had arisen, or might thereafter arise, out of, or on account of, their said marriage. The defendant has complied with his part of the contract.

This agreement was filed as a consent judgment in the case, which judgment further recites that after due inquiry, the court is of opinion "the division of the property as set out in the separation agreement is a fair and equitable one and not in any way injurious to the plaintiff."

Upon application for alimony *pendente lite* in the instant suit, the aforesaid judgment was held to be an estoppel or a bar to plaintiff's right to alimony *pendente lite* and reasonable counsel fees in the present proceeding. The cause was retained for a trial on the allegations looking to a divorce.

Articles of separation between husband and wife were originally regarded as unenforceable in the courts, because contrary to public policy (*Collins v. Collins,* 62 N. C., 153) ; later they were thought to rest on tenuous ground (*Sparks v. Sparks,* 94 N. C., 527) ; but with subsequent changes in the statute law, they were upheld where the separation had already taken place or immediately followed (*Archbell v. Archbell,* 158 N. C., 408, 74 S. E., 327; *Moore v. Moore,* 185 N. C., 332, 117 S. E., 12) ; and, finally, in *Lentz v. Lentz,* 193 N. C., 742, 138 S. E., 12, a husband was required to abide the terms of his agreement even after divorce. See, also, *S. v. Gossett,* 203 N. C., 641, and *Taylor v. Taylor,* 197 N. C., 197, 148 S. E., 171.

Conceding that the language of the instant agreement is broad enough to cover property rights, personal obligations and liabilities of any and every kind arising out of the marriage status, still it does not follow, as being within the contemplation of the parties, that, in case of subsequent action for divorce, any matter of law or judicial discretion arising therein should be regarded as covered by said agreement. *Davidson v. Davidson,* 189 N. C., 625, 127 S. E., 682. Undoubtedly, the judge might take the separation agreement into account in passing upon the plaintiff's application, but it is not considered as an estoppel, or a bar, to her right to make the application.

That articles of separation and a division of property do not bar the wife's claim against her husband for temporary alimony or suit

money in an action for divorce, where she has not sufficient means, is the holding in *Miller v. Miller,* 1 N. J. Eq., 386, *Wilson v. Wilson,* 40 Iowa, 232, *Killiam v. Killiam,* 25 Ga., 186, *Coles v. Coles,* 2 Md. Ch., 341, and *Campbell v. Campbell,* 73 Iowa, 482. See, also, valuable note, 83 Am. St. Rep., 859, *et seq.*

CONNOR, J. I concur in the dissenting opinion filed by *Stacy, C. J.,* in this appeal.

The duty, both legal and moral, of a husband to support his wife does not arise out of contract, nor is the right of the wife to support by her husband contractual in its origin. Both the right and the duty arise out of and are incidents of their marital status. Therefore, neither the right nor the duty are subject to contract between the husband and wife, by which the wife is deprived of her right or the husband relieved of his duty. The power of a court in a proper case to order the husband to provide reasonable subsistence for his wife, *pendente lite,* and to pay her counsel fees, in accordance with statutory regulations, is not affected by the provisions of a separation agreement between the husband and wife. The State as a social agency is interested that the wife shall not be deprived of her right or the husband relieved of his duty.

I think there was error in the order in the instant case, denying the application of the plaintiff as a matter of law.