BROGDEN, J., concurring.
STACY, C. J., and CONNOR, J., dissenting.
Plaintiff set forth fully her grievances in her complaint against defendant, and her prayer for relief is as follows: "Wherefore, the plaintiff prays: first, that the plaintiff be granted a divorce a mensa etthoro from the defendant; second, that the defendant be compelled to support the plaintiff and her children according to his means and station in life; and third, that pending the final determination of this action he be required to contribute a reasonable amount for the support of the plaintiff and said children, and that the defendant be likewise required to pay reasonable attorney's fee to the plaintiff's attorneys, and that she have such other and further relief to which she may be entitled." *Page 65 
The defendant, in answer, after denying the material allegations of plaintiff's complaint, says: "That these matters and things are not the proper subject of an action by plaintiff against this defendant, as all of the material allegations set forth in the complaint of the plaintiff have been fully, finally and completely determined and settled by a former judgment of the Superior Court of Orange County, which judgment is now specifically pleaded by this defendant, upon the ground that all of said matters and things have been fully and finally determined and same are nowres judicata. Wherefore, having fully answered the complaint of the plaintiff herein filed, the defendant now asks that said complaint be dismissed, that the plaintiff take nothing by her action, and that the defendant go without day and recover his costs as taxed by the court."
The judgment of Judge Devin, signed at December Term, Orange County Superior Court, set forth as an estoppel by defendant, is as follows: "This cause coming on to be heard before the undersigned judge presiding at the December Term of the Superior Court of Orange County at Hillsboro, and it being heard, and it appearing to the court that this action was commenced by the plaintiff against the defendant pursuant to section 1667 of the Consolidated Statutes of North Carolina to have secured to her from the property and earnings of the defendant a reasonable subsistence, and, it further appearing to the court that the plaintiff and defendant and their counsel have agreed upon a division of the property of the defendant and a permanent separation of the plaintiff and defendant, all as set out in a certain separation agreement, dated 10 December, 1928, a copy of which is attached hereto and made a part of this judgment. After due inquiry the court being of the opinion that the division of the property as set out in the separation agreement, is a fair and equitable one and not in any way injurious to the plaintiff; it is now, therefore, by consent ordered, adjudged and decreed that the separation agreement made and entered into between the plaintiff and defendant, a copy of which is attached hereto, be and the same is hereby in all respects approved, and that the permanent custody of the children of the plaintiff and defendant be committed to Mary Belle Brown, and that out of the property conveyed to her, she shall support and maintain them. It is further ordered and decreed that the defendant pay all costs of this action, together with the interest on the indebtedness of $4,000 owing by him on the property awarded to his wife to 10 December, 1928. It is further ordered and adjudged that the notes heretofore made by the defendant and secured by deed of trust on the property awarded to the plaintiff be canceled within sixty days from 10 December, 1928, so that the same may not be an outstanding liability of the defendant. It is further ordered and adjudged that *Page 66 
the defendant give the plaintiff immediate possession of the real estate described in said separation agreement, and that the rents accrued thereon from and after 10 December, 1928, shall be payable to her. (Signed) W. A. Devin, judge presiding. By consent: (Signed) A. H. Graham, attorney for E. A. Brown. North Carolina, Orange County: These articles of agreement entered into between E. A. Brown, of Orange County, N.C. and Mary Belle Brown, of Orange County, N.C. this 10 December, 1928. Witnesseth: That, whereas, the said E. A. Brown and Mary Belle Brown were lawfully married in Alamance County, North Carolina, on 11 March, 1911. That there have been born of said marriage two children, Otway Brown, now of the age of 15 years, and Mary Madelaine Brown, now of the age of 11 years. That the said E. A. Brown and Mary Belle Brown lived together as man and wife until 27 October, 1928, on which date they separated, being unable to agreeably live together as man and wife; and whereas, it is mutually agreeable that they shall each live separate and apart from the other; now, therefore, for and in consideration of the conveyance to the said Mary Belle Brown by E. A. Brown of the following two described tracts of real estate, situate in the town of Chapel Hill, N.C. described as follows, to wit: (Description of property.) Which conveyance has been effected by deed of even date herewith, the receipt of which is hereby acknowledged and which is accepted subject to encumbrances amounting to four thousand dollars, with interest paid thereon to 10 December, 1928. Also the delivery of possession to Mary Belle Brown of the household and kitchen furniture now in the large dwelling-house on tract number one above described, excepting therefrom only the personal effects of E. A. Brown, one iron safe, and one walnut bedroom set. The said E. A. Brown and Mary Belle Brown do mutually agree to live separate and apart from one another, and in consideration of the said conveyance of real estate, to her, the said Mary Belle Brown agrees and by these presents does agree to release and relinquish all right of support, all right of dower, and all other personal and property rights which she might have acquired, against the person or property of the said E. A. Brown by virtue of the aforesaid marriage, and does hereby receive and accept the aforesaid deed in full settlement and satisfaction of all and every right that she may hold against the person or estate of the said E. A. Brown in consequence of the aforesaid marriage, and she does further agree to abandon, relinquish, and release the said E. A. Brown of all and every right of suit that she might have against him by reason of any act of abandonment that he might have committed in the past, and further agrees to release him of any claim which she might have against him by reason of the aforesaid marriage. And in consideration of the delivery of the aforementioned deed of conveyance, *Page 67 
receipt of which is hereby acknowledged, the said Mary Belle Brown does hereby agree and obligate herself to look after, control, maintain and support the two children, Otway Brown and Mary Madelaine Brown, and further agrees and binds herself to hold the said E. A. Brown free and harmless from any claim which the said minors Otway Brown and Mary Madelaine Brown have or might have against the said E. A. Brown for support and maintenance. And the said E. A. Brown agrees to release the said Mary Belle Brown of all and every right of courtesy and all rights that he acquired in any property that she might have by reason of the conveyance herein referred to or otherwise, or might in the future possess, and all personal rights that he might have acquired against her by virtue of the aforesaid marriage, and the said E. A. Brown does hereby surrender and give over to Mary Belle Brown full and complete care, custody and control over the two children born of their marriage, to wit: Otway Brown and Mary Madelaine Brown, releasing unto the said Mary Belle Brown any rights which the said E. A. Brown may have as the natural father of the said children. It is mutually agreed that the said E. A. Brown and Mary Belle Brown shall each live separate and apart from the other independent of the other to the same extent as if they had never been married and each shall in the future contract and be contracted with independent of the other to the full extent as if they had never been married. It is further mutually understood and agreed that the execution and delivery of this instrument and the acceptance and registration of the same shall constitute a complete separation of the parties hereto to the end that either may do with their respective property as they may see fit and that they may be enabled to make, sell, convey, or otherwise dispose of said property free and discharged from any claim or demand present or prospective which either party might otherwise have by virtue of their marriage hereinbefore referred to. In testimony whereof the said E. A. Brown and Mary Belle Brown have hereunto set their hands and seals this 10 December, 1928. E. A. Brown (Seal) — Mary Belle Brown (Seal)."
The judgment of the court below is as follows: "This cause coming on for hearing before his Honor, M. V. Barnhill, judge, at Chambers in Durham, N.C. on Tuesday, 20 September, 1932, at 12:00 o'clock noon, upon the motion of the plaintiff asking for an order directing the defendant to pay to the plaintiff a reasonable monthly amount for the support of the plaintiff and her children, and for reasonable attorney's fees pending the final trial of the action, which is in the nature of a suit for divorce a mensa et thoro;
and after hearing the pleadings read by attorneys representing both parties to this action, and the plaintiff through her attorney, Mr. Robert T. Giles, having admitted that practically the same allegations as contained in Articles I, II, III, IV, V, VI, *Page 68 
and VII in the present complaint were embodied in a former complaint filed by the plaintiff on 2 November, 1928, and that a deed of separation was duly entered into between said plaintiff and defendant on 10 December, 1928, which deed of separation, after being duly approved by the court, was recorded in the office of the register of deeds of Orange County, and that the provisions embodied in said deed of separation were approved and confirmed by a final judgment signed by his Honor, W. A. Devin, judge presiding at the December Term of Orange Superior Court, 1928. Now, therefore, upon the foregoing facts, the court is of the opinion that the motion of the plaintiff in the present action cannot prevail and that the plaintiff is barred by the former judgment of the court dealing with the same subject-matter, and the motion of plaintiff for monthly maintenance and support for herself and her children and attorneys' fees pending the final trial of this suit for divorce is accordingly denied, and the action is allowed to remain on the calender of the Orange Superior Court for the determination of the question of divorce sued for in said complaint, and for this purpose only."
The defendant, after pleading estoppel in his answer to his wife's complaint, among other things says: "At the instigation of plaintiff (his wife) this defendant was committed to the State hospital for the insane . . . that he was released over her (his wife's) zealous activities expended in preventing said release . . . that a jury of Orange County citizens declared defendant sane during the month of July, 1928." The defendant further says: "That defendant's health has been bad for several years and that he is unable to do hard physical work, but in order to try to make a living he has been operating a small furniture store; that the capital invested in said furniture store is only $600.00, of which amount defendant owns one-half. That defendant has further been renting a room in which to sleep and has been paying therefor the sum of $1.25 per week, and has in order to save as much as possible done his own cooking over a small oil stove in the basement of the furniture store which he is now attempting to operate. That considering board and lodging and clothes, defendant asserts that he has not expended upon himself more than $104.00 during the past eight months and has been just as economical as it is humanly possible to live, trying in every way to save, but due to depressed conditions, defendant has been unable to acquire or save any property and that now if a settlement of his obligations were had, he would be found to be insolvent."
The plaintiff excepted and assigned error to the judgment as signed and appealed to the Supreme Court.
The only question involved on this appeal is whether the consent judgment and separation agreement made between plaintiff and defendant is a bar to plaintiff's action under C. S., 1666. We think so.
A separation agreement between husband and wife must be fair and reasonable and entered into without coercion or undue influence. Separation agreements are not favored by law, but under certain circumstances are recognized by statutes when signed in conformity thereto. C. S., 2515, 2516, 2529; Taylor v. Taylor, 197 N.C. 197, 148 S.E. 171.
The terms of a separation agreement between husband and wife were enforced in Peeler v. Peeler, 202 N.C. 123. One of the provisions in this separation agreement between plaintiff and defendant is clearly stated as follows: "The said E. A. Brown and Mary Belle Brown do mutually agree to live separate and apart from one another, and in consideration of the said conveyance of real estate, to her, the said Mary Belle Brown agrees and by these presents does agree to release and relinquish all right of support, all right of dower, and all other personal and property rights which she might have acquired, against the person or property of the said E. A. Brown by virtue of the aforesaid marriage, and she does further agree to abandon, relinquish, and release the said E. A. Brown of all and every right of suit that she might have against him by reason of any act of abandonment that he might have committed in the past, and further agrees to release him of any claim which she might have against him by reason of the aforesaid marriage."
Defendant has fully performed his part of the separation agreement with plaintiff and consent judgment. Plaintiff received certain property on the distinct agreement that it was to release and relinquish all right of support she had by virtue of her marital rights with defendant. She was suijuris when she consented to the judgment and made the agreement — no fraud or mistake is alleged on her part. We think that she is estopped by the judgment and agreement.
We do not think Bailey v. Bailey, 127 N.C. 474, applicable. At p. 475, it is said: "No separation is hinted at, even, and the matter seems to have been purely a business transaction in reference to the property owned by each of the parties to the instrument." The agreement did not indicate that the parties were living separate and apart, and the language did not in clear terms, as the present "release and relinquish all right of support," etc. In the Bailey case the parties were living together and expected to continue, and the husband to support his wife.
The court below set forth in the judgment: "After due inquiry the court being of the opinion that the division of the property as set out in the separation agreement, is a fair and equitable one and not in any way injurious to the plaintiffs," etc. *Page 70 
The court below also stated in the judgment: "The action is allowed to remain on the calender of the Orange Superior Court for the determination of the question of divorcee sued for in said complaint, and for this purpose only." This action is also for divorcee a mensa et thoro under C. S., 1660, and it is retained for that purpose. Lentz v. Lentz, 193 N.C. 742. See Sanders v. Sanders, 167 N.C. 317; Archbell v. Archbell, 158 N.C. 408. The judgment of the court below is
Affirmed.