MARGARET SHUTT POTTS v. BILLY JOE POTTS

No. 7421DC931

(Filed 19 February 1975)

**Husband and Wife § 12— consent judgment waiving alimony — effect of reconciliation**

Portions of a consent judgment providing for a division of property and the mutual waiver of alimony were not abrogated by the subsequent reconciliation of the parties and prevented the wife from thereafter obtaining alimony *pendente lite* from the husband.

APPEAL by defendant from *Henderson, Judge.* Judgment entered 22 July 1974 in District Court, FORSYTH County. Heard in the Court of Appeals 22 January 1975.

This appeal arose out of a civil action for alimony and alimony pendente lite filed 3 April 1974. At the pendente lite hearing on 25 April 1974, the defendant appeared without counsel, and the court ordered him, among other things, to pay alimony pendente lite. On 14 June 1974, the plaintiff filed a motion that the defendant be punished as for contempt, alleging that the defendant had failed to comply with the above order.

At the contempt hearing, the defendant introduced, without objection, two exhibits, one being a separation agreement dated 15 March 1972, and the other a consent judgment entered

in the District Court, Forsyth County, on 17 April 1973. Both the separation agreement and the consent judgment contained property settlement provisions and a waiver on the part of the wife to alimony. The trial judge found the defendant to be in willful contempt.

It appears that the parties were married in 1969, but separated in 1971. During this separation, the agreement was duly executed and the consent judgment was entered. The parties were reconciled and resumed cohabitation in January, 1974, but again separated two months later. This last separation gave rise to the present cause of action and the contempt decree, from which the defendant has appealed.

*D. Blake Yokley for the plaintiff.*

*William E. Hall for the defendant.*

CLARK, Judge.

Defendant contends that the consent judgment dated 17 April 1973 is *res judicata,* and that the alimony pendente lite judgment dated 30 April 1974, finding the defendant to be in willful contempt and ordering him to comply with the terms of the alimony order is barred as a matter of law. To determine the propriety of the action of the trial court in the contempt order, the effect of the parties' January, 1974, reconciliation on the consent judgment must be resolved.

It is established in this jurisdiction that if a separation agreement or a consent judgment is executory as to support and maintenance, a reconciliation and resumption of cohabitation may terminate those provisions, but it would have no effect on executed provisions. See, generally, *Jones v. Lewis,* 243 N.C. 259, 90 S.E. 2d 547 (1955). In the normal situation, a separation agreement or a consent judgment incorporates provisions for periodic alimony payments and child support, which by their very nature remain executory from period to period and may be abrogated upon reconciliation. *Hester v. Hester,* 239 N.C. 97, 79 S.E. 2d 248 (1953). A provision for support is sometimes fully executed before the reconciliation, as where the husband pays money in a lump sum for support and maintenance in return for the wife's release of all future claims. In these circumstances, since the agreement is fully executed prior to the reconciliation, it cuts off any rights the wife may thereafter have to alimony. See 35 A.L.R. 2d 707, § 6. In the circumstances

of the case at bar, we can discern no valid distinction between the case where a wife agrees to release her claims to future support by accepting a lump sum amount in consideration thereof and the case as here where the parties have mutually agreed in a consent judgment to release future support claims. The judgment to which both parties consented was entered 17 April 1973. The provision in that judgment calling for the division of property and the mutual waiver of alimony was executed and was a definite settlement of a property right within the meaning of the law of this State. See *Wilson v. Wilson,* 261 N.C. 40, 134 S.E. 2d 240 (1964); *Fuchs v. Fuchs,* 260 N.C. 635, 133 S.E. 2d 487 (1963); and *Brown v. Brown,* 205 N.C. 64, 169 S.E. 818 (1933).

Consequently, the subsequent reconciliation by the parties did not abrogate those portions of the consent judgment relating to property settlement and waiver of alimony, and that judgment precludes the recovery of alimony as provided by the 25 April 1974 judgment. Therefore, the judgment of the trial court finding the defendant to be in willful contempt for failure to pay said alimony is in error and is vacated and the cause remanded for such further proceedings as may be appropriate.

Vacated and remanded.

Chief Judge BROCK and Judge BRITT concur.