ALICE H. ATHEY v. JAMES K. ATHEY

No. 8121DC238

(Filed 3 November 1981)

**Husband and Wife § 12— separation agreement—rescission of the terms—question of material fact—summary judgment improper**

In an action wherein plaintiff wife was seeking alimony and possession of personal property among other things, the court erred in granting summary judgment for defendant on the basis of a separation agreement where plaintiff claimed that the parties' reconciliation and change of circumstances following execution of the separation agreement constituted rescission of the terms of their agreement and also claimed that defendant had breached the agreement as both claims presented questions of material fact.

APPEAL by plaintiff from *Alexander, Judge.* Judgment entered 23 January 1981 in District Court, FORSYTH County. Heard in the Court of Appeals 14 October 1981.

Plaintiff brought this action seeking alimony *pendente lite*, permanent alimony, attorney's fees, possession and ownership of specified personal property and one-half of all remaining personal property of the parties.

The uncontroverted facts are as follows: The parties first separated in August, 1978, and entered into a Deed of Separation which provided that defendant would "make all payments required by the present conditional sales contract" on plaintiff's car. In consideration of this provision and sole ownership by her of

certain of the parties' personalty, plaintiff released her right to future support and conveyed to defendant her interest in the marital home. In February, 1979, defendant ceased making payments on plaintiff's car and has made none since. In April, 1979, the parties reconciled and resumed cohabitation. In October, 1980, they again separated, and plaintiff instituted this action four months later.

In her complaint, plaintiff claimed defendant had locked her out of the marital home and had retained possession of her clothes and other property belonging to her. Defendant alleged that plaintiff had deserted him and pleaded the parties' separation agreement as a bar to plaintiff's action. The presiding judge found as a matter of law that there was no genuine issue of material facts and granted defendant's motion for a summary judgment. Plaintiff appeals.

*Meyressa H. Schoonmaker for plaintiff appellant.*

*Morrow and Reavis, by John F. Morrow, for defendant appellee.*

ARNOLD, Judge.

Plaintiff wife argues that the trial court erred in ordering that the parties' separation agreement entitled defendant husband to a summary judgment notwithstanding the parties' reconciliation or the defendant's breach of the terms of the agreement. She contends that the separation agreement was not a bar to her action because the parties had rescinded the agreement as to executory provisions when they reconciled and returned their separate property to the joint possession of both parties. Plaintiff further contends that the defendant had breached the agreement when he ceased making car payments six months after the parties separated, and that this breach relieved her from her covenant not to seek alimony.

Defendant husband cites this Court's holding in *Potts v. Potts*, 24 N.C. App. 673, 211 S.E. 2d 815 (1975), for the rule that any provision of a separation agreement, including waiver of the wife's right to support, which has been fully executed prior to a reconciliation of the parties is unaffected by such a reconciliation. Conversely, any provision which has not been fully performed is

deemed waived by reconciliation of the parties. The defendant claims the terms of the separation agreement at issue here were fully executed prior to the reconciliation except for the requirement that he make plaintiff's car payments and that only this term was waived by the reconciliation since each provision of the agreement was independent.

We find defendant's reliance on *Potts* to be misplaced since the present case is distinguishable on its facts from the *Potts* case. In *Potts*, the parties had entered into a consent decree which could not be altered without court approval. *See Kiger v. Kiger*, 258 N.C. 126, 128 S.E. 2d 235 (1962). In the case at bar, the parties executed only a Deed of Separation, a contract which could be altered or rescinded by the parties at any time. Plaintiff's claim that the parties' reconciliation and change of circumstances following execution of the separation agreement constituted rescission of the terms of the agreement presents a question of material fact which should have been submitted to the fact finder. Moreover, *Potts* involved an agreement which had been fully executed as to all of its terms. Here, defendant is attempting to rescind his own obligation under the agreement while he attempts to hold plaintiff to her covenants. Defendant's breach of his obligation to make plaintiff's car payments raises an issue of material fact as to whether plaintiff was thereby relieved of her obligation not to sue for alimony.

For the foregoing reasons, we hold that the trial court erred in entering summary judgment. Accordingly, the case is reversed and remanded for trial.

Reversed.

Chief Judge MORRIS and Judge BECTON concur.