### ROBERT A. REYNOLDS v. EMMA REYNOLDS.

(Filed 14 October, 1936.)

1. **Husband and Wife E d—**

    A deed of separation is rescinded by the resumption of the conjugal relation.

2. **Divorce A d—Where deed of separation is rescinded, plaintiff must show later voluntary separation for divorce under N. C. Code, 1659 (a).**

    Plaintiff instituted this action for divorce on the ground of two years separation, N. C. Code, 1659 (a), and introduced evidence of more than two years separation after a deed of separation between the parties. Defendant introduced evidence tending to show that the conjugal relation was resumed after the deed of separation was executed, but more than two years before the institution of the action, defendant testifying that she gave birth to a child by plaintiff three years after the execution of the deed of separation. *Held:* It was error for the trial court to direct the jury to find for plaintiff if they believed the evidence, the question of whether the parties resumed the conjugal relation after the execution of the deed of separation, and if so, whether there was a voluntary separation thereafter for the required time, being for the jury.

    STACY, C. J., concurs in result.

APPEAL by the defendant from *McElroy, J.,* at February Term, 1936, of BUNCOMBE. New trial.

*No counsel for plaintiff, appellee.*
*James E. Rector for defendant, appellant.*

SCHENCK, J. This action was instituted by the plaintiff under the provisions of chapter 72, Public Laws of North Carolina, 1931, as amended by chapter 163, Public Laws of North Carolina, 1933, being N. C. Code of 1935 (Michie), sec. 1659 (a), and was before us on a former appeal. *Reynolds v. Reynolds,* 208 N. C., 428.

The plaintiff alleged "that on 13 May, 1927, the plaintiff and defendant separated from each other; that said separation was not caused by any fault of this plaintiff. That plaintiff and defendant have lived separate and apart from that day to this." The complaint was verified on 1 March, 1934. The defendant denied this allegation.

The second issue submitted to the jury was as follows: "Have the plaintiff and defendant lived separate and apart for more than two years next preceding the commencement of this action?" The action was commenced 1 March, 1934.

The plaintiff introduced in evidence a deed of separation between plaintiff and defendant, dated 13 May, 1927, and plaintiff testified that he had lived separate and apart from the defendant since that date.

The defendant testified that she had given birth to a child, of which the plaintiff was the father, which child would be five years old in May, 1936.

The following excerpt from the charge of the court is made the basis of an exceptive assignment of error: "The action was commenced, according to the summons, in 1934, and they have lived separate and apart from each other considerably more than two years, and the court therefore charges you if you believe the evidence, and find the facts to be as testified by the witnesses, you will answer the second issue 'Yes.'"

The assignment of error must be sustained.

The plaintiff relied upon the deed of separation to bring the alleged separation between him and the defendant within the provisions of the N. C. Code of 1935 (Michie), sec. 1659 (a), which reads as follows:

"Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony, on application of either party, if and when there has been a separation of husband and wife, either under a deed of separation or otherwise, and they have lived separate and apart for two years, and the plaintiff in the suit for divorce has resided in the State for a period of one year."

If the parties resumed the conjugal relations after they entered into the deed of separation, as testified by the defendant, the deed was thereby rescinded. *Archbell v. Archbell,* 158 N. C., 409; *Smith v. King,* 107 N. C., 273.

The defendant's testimony to the effect that she had given birth to a child by the plaintiff in May, 1931, considered in the light of the plaintiff's allegation and contention that the final separation took place on 13 May, 1927, under the deed of separation, raised an issue for the jury to answer as to whether there had been a separation between husband and wife under deed of separation, as provided by the statute, and it was error to instruct the jury that if they believed all of the evidence they would answer the issue in favor of the plaintiff.

If it should be suggested that all of the evidence tends to show that the plaintiff and defendant have lived separate and apart since the birth of the child in May, 1931, and that this action was commenced in March, 1934, and that therefore the instruction was a correct one, the reply is that all of the evidence does not tend to show that the separation after the birth of the child was by mutual agreement, express or implied. The only agreement shown was the deed of separation dated 13 May, 1927, and if defendant's evidence is to be believed this was rescinded by the cohabitation by the plaintiff and defendant in 1930.

"Where a husband and wife have lived separate and apart from each other for two years, following a separation by mutual agreement, express or implied, their marriage may be dissolved; but where they have lived separate and apart from each other for two years, without a previous agreement between them, neither is entitled to a divorce, under the statute, C. S., 1659 (a)." *Parker v. Parker, ante,* 264. It should be stated, in justice to the learned trial judge, that the opinion in *Parker v. Parker, supra,* had not been handed down when this case was tried.

New trial.

Stacy, C. J., concurs in result.