JOHN DOUGLAS TILLEY, Individually and JOHN DOUGLAS TILLEY, Executor of the Estate of CAREY C. TILLEY, Deceased, v. MARY ANN HALL TILLEY.

(Filed 14 December, 1966.)

**1. Pleadings § 30—**

Judgments on the pleadings are not favored, and a motion for judgment on the pleadings admits for the purpose of the motion, the allegations of the adverse party and requires that such allegations be liberally construed.

**2. Husband and Wife § 12—**

While a deed of separation containing a complete property settlement between the parties is not affected by a subsequent reconciliation and resumption of the marital relations by them, the parties may, upon the resumption of the marital relations, rescind the agreement, even by parol, and make a new agreement in connection with the reconciliation.

**3. Same; Wills § 60; Pleadings § 30— Allegations held to raise issue whether parties cancelled deed of separation by agreement after reconciliation.**

This action was instituted by the executor for a judgment declaring that the widow was precluded from filing a dissent by a deed of separation embodied in a consent judgment under the terms of which the widow and testator agreed to live separate and apart and released all rights by reason of their marriage to any property then owned or thereafter acquired by the other, including any rights under the laws of distribution. The widow alleged in her answer that subsequent to the execution of the deed of separation the parties became reconciled, resumed cohabitation as husband and wife, and cancelled the contract and deed of separation. *Held:* Plaintiff is not entitled to a judgment on the pleadings, since the answer raises the question whether the deed of separation had been rescinded by the parties.

**4. Wills § 60; Pleadings § 8—**

In an action brought by an executor in his representative capacity and as an individual for a judgment declaring that the widow was precluded by a deed of separation from filing a dissent to the will, the widow may set up a counterclaim for sums allegedly due her under the terms of the deed of separation, since the widow is entitled to raise all questions relating to the respective rights of the parties growing out of the deed of separation.

**5. Wills § 71—**

Where an executor, a beneficiary under the will, brings an action in his representative capacity and as an individual against his testator's widow for judgment declaring the widow precluded from filing a dissent to the will, the executor in his representative capacity is a fiduciary and as such is interested only in obtaining a declaration and determination of the respective rights of the widow and of himself as individuals in and to the estate, and the action is the same as though the executor in his representative capacity was the plaintiff and, in his individual capacity, was a defendant with the widow.

APPEAL by defendant from *Crissman, J.*, June 13, 1966 Civil Session of GUILFORD, High Point Division.

Civil action in which plaintiff, as sole legatee and as executor under the terms of a paper writing dated March 6, 1964, and probated December 28, 1964, as the last will and testament of Carey C. Tilley, seeks to have adjudged void and of no effect a purported dissent filed by defendant to said will.

Judge Crissman, allowing plaintiff's motion therefor, entered judgment *on the pleadings* adjudging defendant's purported dissent void and of no effect.

The complaint incorporates attached exhibits, to wit, copies of (1) the consent judgment, (2) the contract and deed of separation, (3) the will, and (4) the dissent, referred to below. A demurrer to the complaint was overruled. Answering, defendant admitted the

facts stated below; and defendant alleged first, second and third further answers and defenses and also a "further answer and counterclaim."

On October 26, 1965, Judge Olive, allowing plaintiff's motion therefor, ordered (1) defendant's alleged first further answer and defense, and (2) defendant's "further answer and counterclaim," stricken from the answer. Defendant excepted to this order. On this appeal, defendant brings forward her exception to the portion of Judge Olive's order striking her "further answer and counterclaim." On May 19, 1966, plaintiff filed his motion for judgment on the pleadings. This motion came on for hearing before Judge Crissman at the above term on the complaint, the answer proper, and the second and third further answers and defenses.

On appeal, defendant assigns as error (1) the said judgment and (2) the portion of Judge Olive's order striking her "further answer and counterclaim."

*Robert E. Lee and Schoch, Schoch & Schoch for plaintiff appellee.*
*Smith, Moore, Smith, Schell & Hunter by James R. Turner for defendant appellant.*

BOBBITT, J. Allegations and admissions in the pleadings establish the facts narrated below.

Carey C. Tilley and defendant were married July 20, 1962. They separated February 6, 1964. Defendant filed an action for alimony without divorce. Carey C. Tilley answered and alleged a cross action for divorce from bed and board. On April 27, 1964, a consent judgment was entered in said action and the parties executed a "Contract and Deed of Separation." Carey C. Tilley died December 23, 1964. Plaintiff qualified as executor on December 28, 1964. Defendant filed her purported dissent to said will on February 4, 1965.

The consent judgment, which was signed by His Honor Allen H. Gwyn, the presiding judge, and by the parties and their counsel, dismissed the action and the cross action "with prejudice." The judgment recites "a full and complete settlement of all matters and things in controversy" on the terms set forth in the "Contract and Deed of Separation."

The "Contract and Deed of Separation" were duly executed and acknowledged before Judge Gwyn, who, after examination of defendant separate and apart from Carey C. Tilley, her husband, found it was not unreasonable or injurious to her and so certified as provided in the statute then codified as G.S. 52-12.

The "Contract and Deed of Separation," in brief summary, provided: The parties agreed to continue to live separate and apart.

Carey C. Tilley agreed to execute and deliver to defendant a quit-claim deed to the homeplace in Jamestown, North Carolina, and to transfer to defendant's son all his right, title and interest in a certain automobile. They agreed upon a division of certain articles of personal property. Each released all rights by reason of their marriage to any and all property then owned or thereafter acquired by the other, "including the right to administer and the right by the laws of distribution to a part of the personal estate" of the other. Carey C. Tilley agreed to pay, "in full and complete discharge of all his obligation for her support, maintenance, subsistence and counsel fees," the sum of $8,625.00, of which $2,500.00 was to be paid immediately and Carey C. Tilley was to execute and deliver to defendant a note for $6,125.00 payable at the rate of $200.00 a month until the full sum of $6,125.00 was paid, without interest. It was provided that, "(u)pon execution and delivery of said note in the amount of $6,125.00, the party of the first part (Carey C. Tilley) is fully and completely discharged of and from any and all liability in connection with the support, subsistence, maintenance and counsel fees of the party of the second part (defendant)."

Defendant's right to dissent depends upon whether she would be entitled to a widow's share in Carey C. Tilley's estate had he died intestate. Nothing else appearing, the terms of the "Contract and Deed of Separation" constitute a bar to defendant's asserted right to a widow's share. Defendant does not attack the validity of the "Contract and Deed of Separation" when executed, acknowledged and approved by Judge Gwyn. She contends the provisions of the "Contract and Deed of Separation" that would otherwise bar her were nullified by subsequent events alleged in the second and third further answers and defenses.

"A motion for judgment on the pleadings admits, for the purpose of the motion, the allegations of the adverse party, and the pleading of the adverse party must be liberally construed." 3 Strong, N. C. Index, Pleadings § 30. Judgments on the pleadings are not favored. *Edwards v. Edwards,* 261 N.C. 445, 449, 135 S.E. 2d 18, 21.

In her second further answer and defense, defendant alleged: "Subsequent to April 27, 1964, the defendant and Carey C. Tilley. became reconciled and lived together and cohabited as husband and wife in Jamestown, North Carolina and at other places." Defendant's third further answer and defense contains this allegation: "The defendant and Carey C. Tilley cancelled the separation agreement referred to in paragraph 9 of the plaintiff's complaint." Paragraph 9 of the complaint refers to said "Contract and Deed of Separation."

In the opinion of Ervin, J., in *Campbell v. Campbell,* 234 N.C. 188, 66 S.E. 2d 672, it is stated that "a separation agreement is an-

nulled, avoided, and rescinded, at least as to the future, by the act of the spouses in subsequently resuming conjugal cohabitation. *Reynolds v. Reynolds*, 210 N.C. 554, 187 S.E. 768; *S. v. Gossett*, 203 N.C. 641, 166 S.E. 754; *Moore v. Moore*, 185 N.C. 332, 117 S.E. 12; *Archbell v. Archbell*, 158 N.C. 408, 74 S.E. 327, Ann. Cas. 1913 D, 261; *Smith v. King*, 107 N.C. 273, 12 S.E. 57." Later decisions contain similar general statements: *Turner v. Turner*, 242 N.C. 533, 538, 89 S.E. 2d 245, 248; *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227.

In *Jones v. Lewis*, 243 N.C. 259, 90 S.E. 2d 547, Denny, J. (later C.J.), stated: "It is well established in this jurisdiction that where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is terminated for every purpose in so far as it remains executory. (Citations) Even so, a reconciliation and resumption of marital relations by the parties to a separation agreement would not revoke or invalidate a duly executed deed of conveyance in a property settlement between the parties." This statement has been quoted with approval in *Hutchins v. Hutchins*, 260 N.C. 628, 133 S.E. 2d 459, and in *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714.

In *Stanley v. Cox*, 253 N.C. 620, 629, 117 S.E. 2d 826, 832, these statements appear: "For a discussion of the clear distinction between the provisions and considerations for a property settlement and those for alimony see 17A Am. Jur., Divorce and Separation, § 883 *et seq.* . . . . See *Jones v. Lewis*, 243 N.C. 259, 90 S.E. 2d 547, to the effect that an executed property settlement is not affected by a mere reconciliation and resumption of cohabitation."

The legal principles on which plaintiff relies are stated in 24 Am. Jur. 2d, Divorce and Separation § 913, p. 1039, as follows: "Where the parties execute a true property settlement, as distinguished from a separation agreement, and they thereafter become reconciled and resume cohabitation, the preferred view is that the agreement is not thereby terminated; or, stated as a rule of evidence, proof of a reconciliation and resumption of cohabitation does not alone establish the termination of a true property settlement. The answer to the question depends largely upon the intention of the parties, and to some extent upon whether the settlement has been fully executed or is executory."

Plaintiff contends the "Contract and Deed of Separation" contains a property settlement in which defendant, in consideration of the benefits she received, released all her rights to Carey C. Tilley's property and estate; and that a *mere* reconciliation and resumption of cohabitation is insufficient to reinstate her original rights with reference thereto.

Defendant alleges somewhat more than a *mere* reconciliation and resumption of cohabitation. The allegation is that, subsequent to April 27, 1964, Carey C. Tilley and defendant "became reconciled and *lived together* and cohabited as *husband and wife* in *Jamestown*, North Carolina, and at other places." (Our italics.) In addition, defendant alleges explicitly that Carey C. Tilley and defendant *cancelled* said "Contract and Deed of Separation."

In 24 Am. Jur. 2d, Divorce and Separation § 914, p. 1041, this statement appears: "It is, of course, competent for the parties to make a new agreement, at the time of or in connection with a reconciliation, that a property settlement shall be rescinded, and an agreement to rescind may be oral even though the original contract states that it shall not be changed without the written consent of both parties." Reference is also made to the comprehensive annotation, "Reconciliation as affecting separation agreement or decree," 35 A.L.R. 2d 707, and decisions supplemental thereto.

The conclusion reached is that defendant's allegations, when considered in the light most favorable to her, are sufficient to withstand plaintiff's motion for judgment on the pleadings. Hence, the court erred in allowing said motion and entering judgment in accordance therewith.

There remains for consideration the assignment of error based on defendant's exception to the portion of Judge Olive's order striking defendant's "further answer and counterclaim." Defendant alleges she owns the note dated April 27, 1964, in the amount of $6,125.00, "issued by C. C. Tilley"; that no payment had been made thereon; and that she is entitled to recover thereon the full sum of $6,125.00 from the plaintiff-executor.

Plaintiff contends this "further answer and counterclaim" was properly stricken on the ground defendant's asserted action on the $6,125.00 note is not a permissible counterclaim. Plaintiff denominates his action as an action for a declaratory judgment under G.S. 1-253, *et seq.* Decision depends upon a determination of defendant's legal rights, if any, under the "Contract and Deed of Separation" as of the date it was executed and the effect, if any, of subsequent events thereon. We perceive no sound reason why all questions relating to the respective rights of the parties growing out of said "Contract and Deed of Separation" and the subsequent relationships between Carey C. Tilley and defendant should not be before the court for decision when the facts are fully developed at trial.

With reference to plaintiff's contention that the defendant, in her "further answer and counterclaim" seeks to recover a monetary judgment only against the plaintiff in his capacity as executor, it is

noted that John Douglas Tilley has *elected* to institute this action in his individual capacity and also in his capacity as executor. In his capacity as executor he is a fiduciary, and as such interested only in obtaining a declaration and determination of the respective rights of defendant and of himself as an individual in and to the estate of Carey C. Tilley. The questions for decision are the same as if John Douglas Tilley, Executor, were the plaintiff and John Douglas Tilley, individually, and Mary Ann Hall Tilley were defendants.

We do not consider now whether defendant's "further answer and counterclaim" is inconsistent with the position on which she bases her alleged right to dissent. We hold simply that defendant is entitled to have declared and determined herein her rights, if any, in respect of her asserted "further answer and counterclaim."

For the reasons indicated, this Court reverses (1) the order striking the "further answer and counterclaim" from defendant's answer, and (2) the judgment on the pleadings.

Reversed.