RUTTER *v.* RUTTER.*

(No. 32763—Decided February 26, 1970.)

Common Pleas Court of Tuscarawas County.

*Messrs. Bowers & Bowers,* for plaintiff.
*Mr. Danny D. Johnson,* for defendant.

*Affirmed by Court of Appeals on July 27, 1970.

LAMNECK, J. The plaintiff wife in this case secured a divorce from the defendant husband in this court on June 28, 1956. The divorce decree incorporated a separation agreement between the parties dated March 12, 1956. Under the agreement the custody of the minor child of the parties was awarded to the plaintiff wife and the defendant husband agreed to pay specific amounts for its support.

The separation agreement was incorporated in the divorce decree in the following language:

The court finds said separation agreement is satisfactory to both parties and hereby approves and incorporates said agreement into this entry as if fully rewritten herein.

The agreement provided that the defendant husband should pay to the plaintiff wife the sum of $90.00 per month (later modified to $70.00 per month) for said child's support, until it arrived at the age of 18 years, marries or becomes self-supporting.

The agreement also provided that the plaintiff wife would support, educate, and care for said child until it arrived at the age of 21 years, or becomes self-supporting.

On February 13, 1970, the plaintiff wife filed a motion to modify the former orders of this court concerning the support of the minor child of the parties who is now eighteen years of age, on the ground that there has been a substantial change in the circumstances of the parties, the alleged changed circumstances being as follows:

1. That the plaintiff wife is unemployed.

2. That the defendant husband's income has increased.

3. That the cost of living has substantially increased since the former orders of the court.

4. That said child is desirous of and capable of obtaining advanced education beyond high school level.

The defendant husband contends that the separation agreement which was incorporated in and made a part of the divorce decree provided for the support of the minor child of the parties and is not subject to modification by the court, unless it was subject to the further order of the

court. This was the holding of the Supreme Court in *Tullis* v. *Tullis,* 138 Ohio St. 187, now overruled.

Section 3103.06, Revised Code, formerly Section 8002-6, General Code, provides:

"A husband and wife cannot, by any contract with each other, alter their legal relations, except that they may agree to an immediate separation and make provisions for the support of either of them and their children during the separation."

The language of this section regarding separation and support of the minor children of a husband and wife is executory only and may be revoked by the parties by agreement or by resuming marital relations, or by operation of law.

Section 3103.03, Revised Code, formerly Section 8002-3, General Code, provides in part that the husband must support his minor children out of his property or by his labor.

Under Section 3109.01, Revised Code, a child under twenty-one years of age is a minor.

Section 3105.21, Revised Code, formerly Section 8003-22, General Code, also provides that in a divorce or alimony action the court shall make such order for the disposition, care and maintenance of the children of a marriage, as is just, and in accordance with Section 3109.04, Revised Code.

It has been held that a separation agreement as authorized by Section 3103.06, Revised Code, in which the wife agrees to care for and support the minor children of the parties, does not relieve the husband from the duty of providing support for the children. See *Quigley* v. *Murphy,* 4 O. N. P. 1, 5 O. D. 680.

Under Section 3109.01 of the Revised Code, a father's duty to support his minor child does not stop when such child has arrived at the age of eighteen years. See *Mieszkalski* v. *Mieszkalski,* 44 Ohio App. 152.

In *Peters* v. *Peters,* 14 Ohio St. 2d 268, the Supreme Court of this state held:

"A decree of divorce which provides for the custody and support of minor children of the divorced parties con-

10

tinues the jurisdiction of the court with respect to the support of such children during their minority, notwithstanding the absence of any express reservation in the decree with respect thereto, and notwithstanding the amount specified for support of such children in such decree had been adjudged pursuant to a separation agreement approved by the court.''

It must therefore be concluded that the court may change the custody of a minor child of the parties, or increase or decrease the provisions for its maintenance and support during its minority as changed circumstances may require, notwithstanding the provisions of a separation agreement, under Section 3103.06, Revised Code, concerning the custody and support of a minor child of the parties incorporated in a divorce decree.