GLADYS W. JACKSON v. VESTER W. JACKSON

No. 7214DC23

(Filed 29 March 1972)

**1. Appeal and Error § 41— record on appeal — order of proceedings**

   Appeal is subject to dismissal for failure to comply with the requirement of Court of Appeals Rule 19(a) that the proceedings be set forth in the record on appeal in the order of time in which they occurred.

**2. Divorce and Alimony § 21— failure to make child support payments — contempt**

   Evidence that defendant husband has a net income of $110 per week does not support a finding that defendant presently possesses the means to comply with a court order requiring him to make child support payments which are now more than $5,000 in arrears, and the order committing defendant to imprisonment for contempt must be set aside.

**3. Divorce and Alimony § 23— child support payments — result of reconciliation**

   The husband was not required to make child support payments pursuant to a court order if the wife and children resumed living with the husband; however, the original cause is still pending and upon a subsequent separation and necessity for support payments for the children, the courts are open for whatever relief may be justified by the situation then existing.

APPEAL from Order of *Moore, District Judge,* 16 June 1971 Session of District Court held in DURHAM County.

A hearing was held 16 June 1971 following which Judge Moore entered an order finding the defendant in wilful contempt of a support order entered 2 January 1969 and directing that the defendant be placed in the common jail of Durham County until such time as he should purge himself of this order of contempt. From this order the defendant appeals.

*M. Hugh Thompson for plaintiff appellee.*

*Weatherspoon and Clayton by Jerry B. Clayton for defendant appellant.*

CAMPBELL, Judge.

[1] The record in this case is arranged to confuse the Court rather than to assist and enlighten the Court. No effort or attempt was made to follow our Rule 19(a) as to the manner

and method of presenting a record to this Court. Our Rule clearly provides that the proceedings in the case should be set forth in the order of time in which they occurred. Instead of doing this, the record in this case commences with a Motion and Order for Extension of Time entered 29 February 1968; then follows the Answer filed 28 March 1968; then an Amended Complaint filed 23 July 1968; then Order Extending Time To File Answer dated 26 July 1968; then a Notice to show cause directed to the defendant dated 27 November 1968; then the Complaint filed 2 February 1968.

The Rules of Practice are mandatory and a failure to comply with them subjects the appeal to dismissal by this Court *ex mero motu. State v. Harris,* 10 N.C. App. 553, 180 S.E. 2d 29 (1971).

We have, nevertheless, reviewed the record.

On 2 February 1968 this action was instituted by the wife for alimony without a divorce and for support of two minor children born of the marriage and counsel fees. On 2 January 1969 Judge Lee, in the Durham County District Court, entered a judgment to the effect that it was in the best interest of the parties that they separate and live apart, and to this end the furniture and other personal belongings were divided between the parties, and the husband was ordered to pay $45.00 per week into the Office of the Clerk of Superior Court to be turned over to the wife for the support of the two children and mortgage payments on the home, together with a payment for attorney's fees for the wife's attorney. On 19 March 1969 a show cause order was issued for that the husband was in arrears, but the disposition thereof is not shown. On 7 October 1969 another show cause order was issued for the same purpose but again the disposition thereof is not shown. On 19 May 1971 a show cause order was issued to the husband for that he was in arrears, and it is as a result of this order that the hearing in the instant case ensued.

Pursuant to the last show cause order a hearing was held on 16 June, 1971. The office of the Clerk of Superior Court reported that under the terms of the support order of 2 January 1969, the defendant was in arrears $5,523.03 as of 10 June 1971, the last payment having been made on 17 December 1969. The wife testified that pursuant to the order of 2 January

1969 the husband left the home but came back, even though she did not ask him to do so; that he then, in October 1969, left and went to Virginia where he had a job in Danville, but he returned to the home twice a week; that later she went to Danville, Virginia, where the husband had a job. She took the two children with her to Danville, Virginia, where they apparently lived in an apartment together. In February 1971 the wife signed a lease with her husband for an apartment in Danville, Virginia, and they were apparently living together at that time in Danville, Virginia, with the two children. Sometime thereafter and prior to the hearing in June 1971 the wife returned to North Carolina, and she testified, "I do not know what the defendant is making now." The record does not show when the husband and wife separated the last time, but it evidently was after February 1971. The defendant-husband attempted to bring out at the hearing when the separation occurred, but the Court refused to go into this and stated at the hearing, "The Defendant was directed by the Court to make and do certain things, and of course, the matter before us now is a matter between him and the Court. Has he done what the Court directed him to do?"

The record is silent as to what the testimony would have been if permitted by the Court. The record does show that the husband still maintained an apartment in Danville, Virginia, and was making $110.00 a week take-home pay. There is no evidence as to any other assets owned by the husband.

Based upon this evidence the Court entered an order from which this appeal was taken. The order in pertinent part provides:

"That testimony on the part of the plaintiff showed and the Court finds as a fact that the defendant was ordered to pay into the Office of the Clerk of the Superior Court the sum of $45.00 each week to be used for the benefit of the two children of his marriage and to apply on a mortgage on the house which was occupied by the parties hereto.

The Court finds as a fact that the defendant is in arrears in the amount of $5,523.03. The Court finds as a fact that the defendant has been continuously employed except for two short periods of time over the ensuing years.

The Court finds as a fact that the defendant has been in good health; that he is well able to perform his duties and has performed the duties of his employer over that period of time. The Court finds as a fact that he earns $110.00 approximately net income every week. The Court finds as a fact that he is financially and physically able to comply with the orders dated January 2, 1969, signed by Judge Thomas H. Lee.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendant is in wilful contempt of the orders of the Court and that he has not paid the $45.00 each and every week as ordered and that he is in arrears in the amount of $5,523.03.

IT IS THEREFORE, DIRECTED that he be placed in the custody of the Sheriff of Durham County, and placed in the common jail of Durham County until such time as he can purge himself of this order of contempt."

[2] The evidence in the instant case does not support the Court's finding, "that he is financially and physically able to comply with the orders dated January 2, 1969." The mere fact that he earns "$110.00 approximately net income every week" does not indicate that the defendant *presently possesses* the means to comply. There is no evidence as to what, if any, other assets the husband possesses from which a sum in excess of $5,000 could be paid. Therefore, the finding that the defendant-husband's failure to make the payments of subsistence was deliberate and wilful is not supported by the record, and the order committing him to imprisonment for contempt must be set aside. *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194 (1971).

[3] It is apparent from this record that the trial court was under a misapprehension as to the law. If, after the order of 2 January 1969, there was a reconciliation and the wife and two children resumed the family group and lived together with the defendant-husband, the necessity for the support payments for the two children ceased. If thereafter there was a subsequent separation and need for support payments for the two children, the courts are open for whatever relief may be justified by the situation then existing. The original cause was at all times pending, and upon a proper motion and evidence to sustain

---

same, an order could be entered granting whatever relief might be justified by the situation then existing. *Hester v. Hester,* 239 N.C. 97, 79 S.E. 2d 248 (1953).

The order herein appealed from committing the defendant-husband to imprisonment for contempt is set aside, and this cause is remanded for such orders as may be proper.

Remanded.

Judges BRITT and GRAHAM concur.