JUSTINE WILLIAMS NEWTON v. SANFORD ELLIS WILLIAMS

No. 7410DC1097

(Filed 7 May 1975)

1. **Husband and Wife § 12— separation agreement — resumption of marital relations — agreement terminated**

   Where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is terminated for every purpose insofar as it remains executory.

2. **Husband and Wife § 12— separation agreement — resumption of marital relations — jury question**

   In an action to enforce the provision of a separation and property settlement agreement requiring transfer of certain property, the trial court erred in entering summary judgment where the question as to whether the parties became reconciled and renewed their marital re-

lations, thereby terminating the agreement, presented a question of fact to be determined at a trial of the action.

APPEAL by defendant from *Barnette, Judge.* Judgment entered 25 September 1974 in District Court, WAKE County. Heard in the Court of Appeals 14 March 1975.

Plaintiff and defendant were married to each other on 29 April 1952 and lived together as husband and wife until 13 March 1970, at which time they separated and began living apart. On 3 April 1970 they entered into a written "Separation and Property Settlement Agreement" wherein they agreed, among other things, to live separate and apart and to make certain property transfers. Paragraph 12 of the agreement provides:

> 12. REAL ESTATE. Husband agrees to quitclaim all right, title and interest in the house in Raleigh, North Carolina, described as Lot 28, Bertie Drive Section, Longview Gardens Subdivision, Book of Maps 1954, Page 71, Wake County Registry. Wife agrees to quitclaim all right, title and interst in the property located at Cayce, South Carolina, described as Lot 14, Blk L, Churchill Heights, Cayce, South Carolina. Husband and wife agree to deed their respective interests in the aforesaid property by quitclaim deeds.

On 24 April 1972 plaintiff was granted an absolute divorce from defendant.

On 10 October 1972 plaintiff instituted this action asking for specific performance of the above agreement, or, in the alternative and pursuant to G.S. 1A-1, Rule 70, that the court divest defendant of title to the Wake County property described in paragraph 12 and vest title in plaintiff.

Defendant answered on 13 December 1972, alleging as one defense "[t]hat the resumption of marital cohabitation and conjugal relations rendered void all executory provisions of the written Separation Agreement. . . ."

Both parties then made motions for summary judgment and filed supporting affidavits. They stipulated certain facts including the following:

> A. For the period between September, 1970 and February, 1972, the defendant would spend five (5) consecu-

tive week nights and one (1) weekend with the plaintiff during each month. At such times the plaintiff and defendant would share the same bedroom and would engage in sexual intercourse. The only exception to this routine would be when the defendant would have to work late and would arrive at the residence after the plaintiff had retired for the night. On such occasions, which the defendant believes to have been six or eight times, the defendant would sleep in a separate room. This entire period coincided with the period during which the plaintiff was on call at the hospital at which she worked, and when the plaintiff would be called to the hospital, the defendant would remain alone with their daughter, Gail, until the plaintiff's return.

B. The defendant stayed with the plaintiff for approximately two (2) weeks during the latter part of November 1971. During this period, plaintiff's brother, a former patient at Cherry Hospital and of questionable mental stability, also resided with the plaintiff. The decision that the defendant should stay with the plaintiff during this period was a mutual one which took into consideration the potential danger of the plaintiff's brother to the plaintiff and their daughter, Gail. During this two-week period, the defendant moved a partial wardrobe into the plaintiff's home together with a sufficient number of personal belongings so that he could dress and prepare for work from the plaintiff's home. During this time the plaintiff and the defendant shared the same bedroom and engaged in sexual relations.

The parties further stipulated that in June of 1970, December of 1970, and April of 1971, they spent three nights together at various beach resorts where they registered in motels as husband and wife and engaged in sexual relations; that in July of 1971 they arranged for their vacations to coincide and spent three nights together at Myrtle Beach where they registered in a motel as husband and wife and engaged in sexual relations.

In an affidavit filed 26 August 1974, plaintiff asserted that at no time subsequent to 3 April 1970 did she intend to resume "a full marital relationship with defendant on a permanent basis"; that she did not resolve her difficulties with defendant nor intend to reestablish the marital home or reside with defendant on a permanent basis; that at all times subsequent to 3 April 1970, she represented to the world that she and defendant

were separated and living apart and they intended to remain that way.

In an affidavit filed 6 September 1974, defendant asserted that while he removed his clothing from the marital residence after 3 April 1970, that thereafter he and plaintiff resumed marital relations as set forth in the stipulation; that up until February of 1972 he attempted to resolve their marital difficulties; and "[t]hat in November, 1971, the defendant moved his personal belongings into the residence of the plaintiff with the plaintiff's knowledge and consent and at her request which the defendant believed would be a permanent reconciliation, and with the intent to remain with the plaintiff on a permanent basis."

Following a hearing, the trial court entered judgment in which it concluded that plaintiff was entitled to summary judgment as a matter of law, divested defendant of all title and interest in the subject property, and vested title in plaintiff. Defendant appealed.

*Jordan, Morris and Hoke, by Joseph E. Wall, for the plaintiff appellee.*

*Brady, Gardner and Wynne, by T. Alfred Gardner, for the defendant appellant.*

BRITT, Judge.

G.S. 1A-1, Rule 56, provides for the rendition of summary judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. . . ." We disagree with the trial court's conclusion in the instant case that no genuine issue as to any material fact was shown and that plaintiff is entitled to judgment as a matter of law.

[1]   As stated in plaintiff's brief, we are not concerned in this case with the question of what conduct invalidates a separation and bars a divorce on ground of one-year separation; our inquiry is with respect to conduct that will invalidate the provisions of a separation and *property settlement* agreement. While the court was confronted with an executed contract in *Jones v. Lewis,* 243 N.C. 259, 90 S.E. 2d 547 (1955), we think

Newton v. Williams

the following statement from the opinion by Justice (later Chief Justice) Denny, page 261, is appropriate here:

> It is well established in this jurisdiction that where a husband and wife enter into a separation agreement and thereafter become reconciled and renew their marital relations, the agreement is terminated for every purpose in so far as it remains executory. *Archbell v. Archbell,* 158 N.C. 408, 74 S.E. 327, Ann. Cas. 1913D, 261; *Moore v. Moore,* 185 N.C. 332, 117 S.E. 12; *S. v. Gossett,* 203 N.C. 641, 166 S.E. 754; *Reynolds v. Reynolds,* 210 N.C. 554, 187 S.E. 768; *Campbell v. Campbell,* 234 N.C. 188, 66 S.E. 2d 672.

Without question, the provisions of the agreement which plaintiff seeks to enforce are executory. The question then arises as to whether the parties became reconciled and renewed their marital relations. The effect of the judgment appealed from is to say that the pleadings, affidavits and stipulations established *as a matter of law* that the parties did not become reconciled and renew their marital relations.

[2]    Under the pleadings, affidavits and stipulations offered, we think the question as to whether the parties became reconciled and renewed their marital relations presented a question of fact to be determined at a trial of the action. In 1 Lee, N. C. Family Law (3d ed. 1963), § 35, at 152-53, while the author discusses reconciliation and a resumption of cohabitation in the context of terminating a divorce from bed and board, we think our holding finds support in the following statements:

> . . . . . There may be a reconciliation and resumption of cohabitation with an intention that it shall be a normal and permanent relationship, even though, despite the intention, the relationship lasts only a short time. . . . Mere proof that isolated acts of sexual intercourse have taken place between the parties is not conclusive evidence of a reconciliation and resumption of cohabitation. There must ordinarily appear that the parties have established a home and that they are living in it in the normal relationship of husband and wife.

Although the parties stipulated to the acts in question, they disagree with respect to their intention. Plaintiff indicates in her affidavit and by stipulation that they were done for her convenience and that she never had any intention of permanently

resuming the marital relationship. On the other hand, defend-
ant indicates in his affidavit that he was attempting to resolve
their marital difficulties and spent many days and nights with
plaintiff believing there would be a permanent reconciliation.
The issue of the parties' mutual intent is an essential element
in deciding whether the parties were reconciled and resumed
cohabitation. Since the evidence is clearly in conflict as to this
intent, summary judgment was premature and therefore im-
proper. *See generally Coulbourn v. Armstrong,* 243 N.C. 663,
91 S.E. 2d 912 (1956) ; *Hudson v. Fatolitis,* 289 So. 2d 41 (Fla.
App. .1974) ; 42 C.J.S., Husband and Wife, § 601 (1944) ; 24
Am. Jur. 2d, Divorce and Separation, § 916 (1966) ; 1 R. Lee,
N. C. Family Law, §§ 35, 200 (3d ed. 1963) ; Annot., 35 A.L.R.
2d 707 (1954).

For the reasons stated, we hold that the trial court erred
in allowing plaintiff's motion for summary judgment.

Reversed and remanded.

Judges MORRIS and ARNOLD concur.