PHILLIP W. COOKE v. RUTH BYRD COOKE

No. 7615DC965

(Filed 21 September 1977)

**Divorce and Alimony § 13.4— separation agreement—reconciliation—exclusion of affidavit not prejudicial**

In an action for divorce where defendant counterclaimed for child support and alimony as provided in a separation agreement between the parties, and defendant timely moved for summary judgment, the trial court erred in excluding plaintiff's affidavit alleging reconciliation, which reconciliation would invalidate the executory provisions of the agreement, since unpleaded affirmative defenses should be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment; however, such error was not prejudicial because the assertions in plaintiff's affidavit were not sufficient to raise the issue of reconciliation, reconciliation requiring more than casual acts of sexual intercourse and more than a hope for resumption of the full marital relationship.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 31 August 1976 in District Court, ORANGE County. Heard in the Court of Appeals 24 August 1977.

Plaintiff-husband brought action on 8 October 1975 for absolute divorce based on one year's separation from defendant-wife. Defendant filed an answer and counterclaim for custody of minor children, child support, alimony and other payments due under a separation agreement allegedly executed 31 December 1973. Plaintiff replied admitting execution of the separation agreement, but denying that any sums were due defendant pursuant to it.

Defendant made timely motion for summary judgment, supported by a copy of the separation agreement and by an affidavit stating that plaintiff had not fully paid. Plaintiff responded, first, by

objecting that defendant's affidavit violated Rule 56(e), and, second, by submitting his own affidavit alleging reconciliation on several occasions subsequent to execution of the separation agreement, which reconciliation invalidated the executory provisions of the agreement. The trial judge sustained defendant's objection to the admittance of plaintiff's affidavit on the ground that it raised a new issue, reconciliation, which was an affirmative defense, and deemed waived because not specifically pleaded in accordance with Rule 8(c).

The trial judge granted defendant partial summary judgment, holding that the separation agreement was valid and in force, and that defendant was entitled to recover amounts due. From that judgment plaintiff appeals.

*Winston, Coleman and Bernholz by J. William Blue, Jr., for plaintiff appellant.*

*Elisabeth S. Petersen and O. William Faison, Jr., for defendant appellee.*

CLARK, Judge.

The plaintiff did not specifically plead reconciliation as a defense in his reply to defendant's counterclaim for payments under the separation agreement. But in his affidavit in response to defendant's motion for summary judgment plaintiff averred that he and his wife agreed "to attempt a reconciliation," and in March or April, 1974 spent a weekend together at the beach, engaging in sexual intercourse, that in early June 1974 they spent two or three nights together and engaged in sexual intercourse; that he was "attempting to reconcile the differences" and it was his "intention . . . to effect a reconciliation," but that in late June, 1974, "we determined that a reconciliation was not possible. . . ."

The trial court excluded plaintiff's affidavit on the ground that reconciliation was an affirmative defense which plaintiff had not specifically pleaded. The exclusion of evidence on the ground that an affirmative defense was not specifically pleaded may be raised properly at trial. G.S. 1A-1, Rule 8; 61 Am. Jur. 2d, Pleading (p. 584). But assuming that reconciliation is an affirmative defense which must be specifically pleaded, the nature of summary judgment procedure (G.S. 1A-1, Rule 56), coupled with our generally liberal rules relating to amendment of pleadings, require that unpleaded affirmative defenses be deemed part of the pleadings where such defenses are raised in a hearing on motion for summary judgment. *Bank v. Gillespie*, 291 N.C. 303, 230 S.E. 2d 375 (1976). See also 6 Moore,

Federal Practice (2d ed. 1976) § 56-736. "Indeed, in proper cases it is desirable to treat the pleading as though it were amended to conform to the evidence presented at the hearing." *Whitten v. AMC/Jeep, Inc.*, 292 N.C. 84, 90, 231 S.E. 2d 891, 894 (1977).

This State has long recognized the general rule that a contract of separation is annulled and rescinded, at least as to the future or as to executory provisions, by a reconciliation and resumption of marital relations. *Smith v. King*, 107 N.C. 273, 12 S.E. 57 (1890); *Hutchins v. Hutchins*, 260 N.C. 628, 133 S.E. 2d 459 (1963); *Williams v. Williams*, 261 N.C. 48, 134 S.E. 2d 227 (1964); *Joyner v. Joyner*, 264 N.C. 27, 140 S.E. 2d 714 (1965); *Tilley v. Tilley*, 268 N.C. 630, 151 S.E. 2d 592 (1966); *Potts v. Potts*, 24 N.C. App. 673, 211 S.E. 2d 815 (1975); *Newton v. Williams*, 25 N.C. App. 527, 214 S.E. 2d 285 (1975).

But we find that the averments in plaintiff's affidavit are not sufficient to raise the defense of reconciliation. We do not find in the case law of this State a precise definition of "reconciliation." The early cases contain language indicating that the resumption of the conjugal relationship alone would rescind the separation agreement. See *Smith v. King, supra*; *Archbell v. Archbell*, 158 N.C. 408, 74 S.E. 327 (1912); *Moore v. Moore*, 185 N.C. 332, 117 S.E. 12 (1923); *State v. Gossett*, 203 N.C. 641, 166 S.E. 754 (1932). It appears that at one time deeds of separation were held to be invalid. *Collins v. Collins*, 62 N.C. 153 (1867). And though recognized as valid in *Sparks v. Sparks*, 94 N.C. 527 (1886), subsequent decisions stated that separation agreements were not favored. It is possible that their unfavored status led to the language implying that the agreements would be breached and rescinded if the parties engaged in sexual intercourse or otherwise violated their agreement to live separate and apart. Nevertheless, an examination of these cases reveals that rescission was based on more than mere casual acts of sexual intercourse. There were other circumstances evidencing that resumption of cohabitation incorporated intent to resume the marriage and an intentional revocation of the agreement as well.

In *Newton v. Williams, supra*, an action to enforce a separation agreement, the husband pled reconciliation as a defense. In the hearing on motion for summary judgment, it was stipulated by the parties that they had spent three nights together as husband and wife and had engaged in sexual relations, but the wife's affidavit asserted that she did not intend to resume a full marital relationship. The trial court awarded summary judgment for the wife but this Court ruled that since "they disagree with respect to their intention," the issue of their mutual intent raised an issue of fact for

determination by the jury, the trial court erred in rendering summary judgment. This opinion quoted from 1 Lee, N.C. Family Law (3d ed. 1963) § 35, at 153 as follows:

> "Mere proof that isolated acts of sexual intercourse have taken place between the parties is not conclusive evidence of a reconciliation and resumption of cohabitation. There must ordinarily appear that the parties have established a home and that they are living in it in the normal relationship of husband and wife."

We note also the following statement in 2 Lee, N.C. Family Law (3d ed. 1963) § 200, at 423:

> "A mere offer of one of the separated spouses to resume marital cohabitation does not terminate the separation agreement. There must be a mutual agreement to be reconciled and a resumption of cohabitation as husband and wife."

Lee cites authority to support the first sentence of the foregoing but none to support the second sentence except *Newton v. Williams, supra*, cited in 1976 Cum. Supp. at 138.

In *sub judice*, the affidavit of the plaintiff at most evidences a hope for and an attempt at reconciliation which included two isolated acts of sexual intercourse, but clearly there was only a temporary resumption of marital relations on a trial basis without the intent to resume a full marital relationship, or to repudiate the separation agreement. Shortly thereafter the parties agreed that reconciliation was impossible.

Though the trial judge erred in excluding the plaintiff's affidavit, it was not prejudicial because the assertions therein were not sufficient to raise the issue of reconciliation. Since the pleadings and proof do not disclose a defense, defendant was entitled to the partial summary judgment on her counterclaim.

Affirmed.

Judges VAUGHN and HEDRICK concur.