ZULEEN DANIEL PENNINGTON v. CLEM PENNINGTON, JR.

No. 7810DC861

(Filed 19 June 1979)

**Divorce and Alimony § 18.17 — alimony pendente lite — sexual intercourse between parties — order voided**

Sexual intercourse between the parties constitutes a reconciliation which voids an order for alimony *pendente lite*.

APPEAL by defendant from *Parker, Judge*. Order entered 16 June 1978 in District Court, WAKE County. Heard in the Court of Appeals 21 May 1979.

This action was commenced by the filing of a complaint on 21 November 1977 in which the plaintiff alleged a claim for alimony without divorce. On 22 December 1977, Judge Bullock signed an order requiring the defendant to pay alimony *pendente lite*. Following the order for alimony *pendente lite*, a series of motions and orders was entered in the case, including one order on 3 April 1978 holding the defendant in contempt for failure to pay alimony *pendente lite*. The defendant purged himself of this contempt by bringing his alimony payments up to date. On 11 April 1978 the defendant filed a verified motion to dismiss the action, alleging the parties had resumed their marital relationship including sexual intercourse. On 19 May 1978 another order was served on the defendant requiring him to show cause why he should not be held in contempt for not making his alimony payments. On 8 June 1978 a hearing was held before Judge John H. Parker. At this hearing, the defendant testified he and his wife had intercourse twice in February 1978 and once around Easter. At the conclusion of this hearing the court entered an order in which it recited "the Defendant from his pleadings and testimony has not shown a resumption of the full marital relations between he [sic] and his wife." The defendant was again held in contempt. He has appealed.

*Hatch, Little, Bunn, Jones, Few and Berry, by Thomas D. Bunn, for plaintiff appellee.*

*Vaughan S. Winborne, for defendant appellant.*

WEBB, Judge.

We hold that the court committed error in its finding that "the Defendant from his pleadings and testimony has not shown a resumption of the full marital relations between he [sic] and his wife." An order for alimony *pendente lite* is rescinded by a reconciliation between the parties. *Hester v. Hester*, 239 N.C. 97, 79 S.E. 2d 248 (1953). The defendant has alleged and testified to acts of intercourse between his wife and him twice in February and once around Easter of 1978. *Murphy v. Murphy*, 295 N.C. 390, 245 S.E. 2d 693 (1978) holds that intercourse between the parties constitutes a reconciliation which voids a separation agreement. We can see no reason why it should not also constitute reconciliation which would void the order for alimony *pendente lite*. We reverse the order of the district court and remand this case for a hearing as to whether the parties have been reconciled so as to void the order for alimony *pendente lite*.

We note that *Murphy v. Murphy, supra,* on which we base the holding of this case had not been filed at the time the order was entered in district court in this case.

Reversed and remanded.

Chief Judge MORRIS and Judge HEDRICK concur.