FAY ARDYTH O'HARA, PLAINTIFF v. WILLIAM JAMES O'HARA, DEFENDANT

No. 7921DC389

(Filed 20 May 1980)

**Divorce and Alimony § 16.10— alimony order voided by resumption of marital relationship**

  An order requiring defendant to pay alimony to plaintiff was voided when the parties resumed the marital relationship.

APPEAL by defendant from *Clifford, Judge.* Judgment entered 16 January 1979 in District Court, FORSYTH County. Heard in the Court of Appeals 24 October 1979.

Defendant has appealed from an order denying his motion under Rule 60 of the North Carolina Rules of Civil Procedure to set aside a judgment. The parties were married in 1948. On 13 December 1971, the plaintiff instituted this action, praying for alimony without divorce. On 4 January 1972, the court entered an order requiring the defendant to pay alimony to the plaintiff. In a subsequent action, plaintiff stated in answer to an interrogatory that the parties had resumed the marital relationship in May and June of 1972. This admission is not in dispute. They separated again. Defendant obtained an absolute divorce from the plaintiff on 31 October 1977. On 10 March 1978, a hearing was held on a show cause order as to why the defendant should not be held in contempt for violating the judgment of 4 January 1972 requiring him to pay alimony. The court concluded that the award of alimony in the judgment of 4 January 1972 did not require that the parties live separate and apart and held the defendant in contempt. On 6 April 1978, the court entered an order setting aside the order of 10 March 1978, reciting that the order of 4 January 1972 was a *pendente lite* order which would not have survived a divorce. On 16 June 1978, the court entered another order in which it found that the judgment of 4 January 1972 is a final judgment for alimony and is binding on the defendant. The defendant next made a motion to set aside the judgment of 4 January 1972 and the order of 16 June 1978. This motion was denied and defendant appealed.

*Wilson and Redden, by Alice Eller Patterson, for plaintiff appellee.*

*White and Crumpler, by Harrell Powell, Jr. and G. Edgar Parker, for defendant appellant.*

WEBB, Judge.

We believe we are governed by the case of *Hester v. Hester,* 239 N.C. 97, 79 S.E. 2d 248 (1953). That case involved an action for alimony without divorce. After an award of alimony *pendente lite,* the parties resumed the marital relationship. Our Supreme Court held that the resumption of the marital relationship voided the

O'Hara v. O'Hara

order for alimony *pendente lite*, but left the case pending with the right of the plaintiff to make another motion for alimony when the parties separated for the second time. We believe the language of *Hester* makes it applicable to permanent alimony as well as alimony *pendente lite*. We hold that when the parties in the case sub judice resumed the marital relationship, it voided the order of 4 January 1972 requiring the defendant to pay alimony, and it was error for the court not to grant the defendant's motion.

It may be that plaintiff lost any right to alimony under G.S. 50-11 when the defendant obtained a divorce. The record does not disclose on what ground the defendant obtained the divorce on 31 October 1977. We note that Chapter 817 of the 1977 Session Laws provided as follows:

Section 1. G.S. 50-6, as it appears in the 1976 Replacement of Volume 2A, is amended by adding the following sentences at the end thereof:

"A plea of *res judicata* or of recrimination with respect to any provision of G.S. 50-5 shall not be a bar to either party obtaining a divorce on this ground: Provided that no final judgment of divorce shall be rendered under this section until the court determines that there are no claims for support or alimony between the parties or that all such claims have been fully and finally adjudicated."

Sec. 2. This act shall become effective August 1, 1977, and shall not affect pending litigation.

If the defendant obtained the divorce under G.S. 50-6 and the divorce action was not pending on 1 August 1977, the divorce judgment may be subject to being set aside. There was an alimony action pending at the time the divorce decree was signed, and the court could not properly have found otherwise.

For the reasons stated in this opinion, we reverse the order of the district court denying defendant's motion to set aside the judgment of 4 January 1972.

Reversed and remanded.

Judges ARNOLD and WELLS concur.