THERON WOODROW PITTS v. WILLIE ALICE PITTS

No. 8130DC109

(Filed 6 October 1981)

1. **Appeal and Error § 49.1— exclusion of tape recording—failure of record to show contents of recording**

    The trial court's exclusion of a tape recording was harmless as a matter of law where the record failed to reveal the contents of the recording.

2. **Divorce and Alimony § 13.1— divorce based on year's separation—casual acts of sexual intercourse between parties**

    In an action for a divorce based on a year's separation, the trial court erred in failing to instruct the jury that isolated or casual acts of sexual inter-

course between separated spouses will toll the statutory period required for such a divorce.

APPEAL by defendant from *Snow, Judge.* Judgment entered 17 September 1980 in District Court, HAYWOOD County. Heard in the Court of Appeals 3 September 1981.

On 10 March 1980, plaintiff appellee filed an action for divorce from defendant appellant based on one year's separation as authorized by G.S. 50-6.

Defendant testified that the parties had engaged in sexual relations during the course of the one year separation period. Plaintiff denied the allegations of sexual relations between the parties.

The jury returned a verdict for the plaintiff on the issue of fulfillment of the statutory separation requirement and the court granted the plaintiff an absolute divorce from the defendant.

Defendant appeals.

*John I. Jay for plaintiff appellee.*

*Lentz, Ball and Kelley, by Phillip G. Kelley, for defendant appellant.*

ARNOLD, Judge.

Defendant brings forth three assignments of error on appeal. Plaintiff presents one cross-assignment of error.

I.

[1]   Defendant first argues that the trial court erred in excluding from evidence the contents of a tape recording of a conversation between the parties. We are unable to review the court's ruling here because the record before us fails to reveal the contents of the recording. This omission renders the exclusion harmless as a matter of law since it precludes determination on appeal of the prejudicial effect of the exclusion. *State v. Miller,* 288 N.C. 582, 593, 220 S.E. 2d 326, 335 (1975). While defendant correctly notes that the North Carolina Supreme Court carved out a narrow exception to this rule in *In re Gamble,* 244 N.C. 149, 93 S.E. 2d 66 (1956), we find this case distinguishable on its facts from *Gamble.*

## II.

**[2]** Defendant's second and third assignments of error relate to the court's instructions to the jury with regard to the statutory requirements for a grant of absolute divorce based on one year's separation. Here, we must agree with the defendant that the trial court erred in failing to instruct the jury that isolated or casual acts of sexual intercourse between separated spouses toll the statutory period required for divorce predicated on separation. This is the law in North Carolina as applied by this Court in *Ledford v. Ledford*, 49 N.C. App. 226, 271 S.E. 2d 393 (1980).

The *Ledford* result was dictated by the North Carolina Supreme Court's holding in *Murphy v. Murphy*, 295 N.C. 390, 245 S.E. 2d 693 (1978), which defined "separation" under North Carolina law to preclude any and all sexual relations between the parties, however "isolated" or "casual." *Id.* at 397, 245 S.E. 2d 698. *Murphy* marked a dramatic change from prior North Carolina law as interpreted and applied by this Court. *See Cooke v. Cooke,* 34 N.C. App. 124, 237 S.E. 2d 323, *cert. denied* 293 N.C. 740, 241 S.E. 2d 513 (1977); *Newton v. Williams,* 25 N.C. App. 527, 214 S.E. 2d 285 (1975). Moreover, the *Murphy* rule is in direct conflict with the general rule in other jurisdictions wherein intent of the parties and appearance of reconciliation are important considerations. *See* 1 Lee, N.C. Family Law § 35 (3d ed. 1963) at 152-53, cited by this Court in *Newton v. Williams, supra* at 531, 214 S.E. 2d 287.

We are of the opinion that the rule in North Carolina has the effect of discouraging estranged spouses from attempting to reconcile their differences lest they risk a claim of sexual intercourse by the other spouse which could defeat the statutory right to a divorce. Also, the rigid standard imposed by *Murphy, supra,* may serve to encourage manipulation of one spouse, who desires in good faith to attempt reconciliation, by the other, whose intent is only to avoid the terms of the separation agreement or otherwise alter the parties' respective property rights. In view of such dangers, the dictates of public policy strongly suggest that this matter is worthy of legislative consideration. *See* 1 Campbell Law Review 131 (1979), Note: *Separation Agreement, for a thoughtful discussion of the Murphy* rule and attendant public policy considerations.

Until the legislature or the North Carolina Supreme Court shall act to bring our law into the mainstream of legal thought on this issue, however, we are bound by *Murphy*. We must therefore grant a new trial since the court failed to adequately explain to the jury our state's unusual policy with regard to isolated incidents of sexual relations between estranged spouses.

### III.

We find plaintiff's cross-assignment of error to be without merit as any error was harmless beyond a reasonable doubt.

New trial.

Judges VAUGHN and WEBB concur.