MARGARET WALKER v. THOMAS J. WALKER

No. 8115DC1379

(Filed 16 November 1982)

**Divorce and Alimony § 24.4— judgment ordering child support—not void upon temporary resumption of marital relationship**

   Temporary resumption of a marital relationship did not require the trial court to grant a motion, pursuant to G.S. 1A-1, Rule 60(b)(4), to have a previous judgment ordering payment of child support declared void. While courts have held that reconciliation voids alimony provisions, and that a separation agreement is terminated upon reconciliation as to the purposes for which

it remains executory, including child support payments, this principle has not been applied to void, as a matter of law, a *judgment* ordering payment of child support.

Judge MARTIN concurring in the result.

APPEAL by defendant from *Harris, Judge.* Order entered 18 August 1981 in District Court, ALAMANCE County. Heard in the Court of Appeals 24 September 1982.

*Latham, Wood and Balog, by M. Blen Gee, Jr., for plaintiff appellee.*

*Tharrington, Smith & Hargrove, by J. Harold Tharrington and Carlyn G. Poole, for defendant appellant.*

WHICHARD, Judge.

The principal issue is whether temporary resumption of the marital relationship requires the court to grant a motion, pursuant to G.S. 1A-1, Rule 60(b)(4), to have declared void a judgment ordering payment of child support. We hold it does not.

On 20 September 1977 plaintiff obtained a judgment against defendant which awarded custody of the parties' minor child to plaintiff and ordered defendant to pay child support. On 28 July 1981 plaintiff moved that defendant be required to show cause why he should not be punished as for contempt for his willful failure to comply with that judgment. On 11 August 1981 defendant moved, pursuant to G.S. 1A-1, Rule 60, "to relieve him from the . . . Judgment on the ground that [it] is void." The alleged basis for his assertion that the judgment is void was that after the judgment was entered he and plaintiff had continued to have sexual relations; and that they had temporarily reconciled, living in the family home as husband and wife, from the fall of 1979 through January 1980.

Plaintiff stipulated "that she engaged in periodic sexual relations with the defendant on December 1, 1979 up to January 29, 1980." Defendant offered evidence regarding the parties' sexual relations from December 1977 through April or May, 1980. Plaintiff, through counsel, informed the court that she denied having relations with defendant ·at some of the times to which he testified, but not at others.

The court found as facts that plaintiff and defendant had resumed sexual relations beginning in December 1977; had resided together and had sexual relations during late 1979 through 29 January 1980; had thereafter had sexual relations on two or more occasions, up to and including late April or early May, 1980; and since that time had lived separate and apart and had no further sexual relations. Defendant did not except to these findings, and their correctness thus is not before us for review. *Brown v. Board of Education*, 269 N.C. 667, 670, 153 S.E. 2d 335, 338 (1967). The court concluded as a matter of law that the 1977 judgment related, in relevant part, solely to child support, and that defendant's motion to have the judgment declared void should be denied. The hearing on the show cause order was continued.

Defendant appeals from the denial of his motion to have the 1977 judgment declared void. He contends the parties' periodic sexual relations and temporary reconciliation voided the 1977 judgment, and that the court therefore erred in refusing to relieve him from the judgment pursuant to G.S. 1A-1, Rule 60(b)(4), which provides: "[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (4) The judgment is void."

Sexual intercourse between a husband and wife after execution of a separation agreement voids the contract. *Murphy v. Murphy*, 295 N.C. 390, 245 S.E. 2d 693 (1978). (See *Pitts v. Pitts*, 54 N.C. App. 163, 282 S.E. 2d 488 (1981), for criticism of the *Murphy* rule.) Resumption of the marital relationship after an award of alimony *pendente lite* voids the award. *Hester v. Hester*, 239 N.C. 97, 79 S.E. 2d 248 (1953); *Pennington v. Pennington*, 42 N.C. App. 83, 255 S.E. 2d 569 (1979). Resumption of the marital relationship likewise voids an award of permanent alimony. *O'Hara v. O'Hara*, 46 N.C. App. 819, 266 S.E. 2d 59 (1980).

A "*separation agreement* is terminated for *every purpose*, in so far as it remains executory," when the parties resume the marital relationship. *Moore v. Moore*, 185 N.C. 332, 334, 117 S.E. 12 (1923) (emphasis supplied). *Accord, Tilley v. Tilley*, 268 N.C. 630, 633-34, 151 S.E. 2d 592, 594 (1966); *Jones v. Lewis*, 243 N.C. 259, 261, 90 S.E. 2d 547, 549 (1955); *Newton v. Williams*, 25 N.C. App. 527, 531, 214 S.E. 2d 285, 287 (1975). Among the executory purposes for which a separation agreement is terminated is the

payment of child support. *See Campbell v. Campbell,* 234 N.C. 188, 191, 66 S.E. 2d 672, 674 (1951) (suit to collect child support cannot be based on promise in separation agreement because "[t]hat agreement has been without legal efficacy since [the day] . . . the plaintiff and the defendant resumed their marital relation"). *See also Potts v. Potts,* 24 N.C. App. 673, 674, 211 S.E. 2d 815, 816 (1975) (dicta that "a separation agreement *or a consent judgment*" normally "incorporates provisions for periodic . . . child support [payments], which by their very nature remain executory from period to period and may be abrogated upon reconciliation") (emphasis supplied).

Authority in other jurisdictions is sparse, and in the main does not distinguish between child support and alimony provisions, whether contractually or judicially imposed, for the purpose of determining the effect thereon of reconciliation of the parties. *See Boyd v. Boyd,* 188 Ill. App. 136, 140 (1914) (reconciliation renders ineffective a separation agreement, "at least in so far as it attempts to relieve the husband from the maintenance and support of his wife and children"); *Rutter v. Rutter,* 24 Ohio Misc. 7, 261 N.E. 2d 202 (1970) (dicta that language of statute allowing parties to make agreement regarding spouse and child support "may be revoked by the parties . . . by resuming marital relations"); *Barnes v. American Fertilizer Co.,* 144 Va. 692, 723, 130 S.E. 902, 911-12 (1925) ("whether the wife and children have forfeited their rights under the agreement" by resumption of the marital relationship depends upon the parties' intentions). *See, contra,* Ga. Code Ann. § 19-6-12 (1982) ("The subsequent voluntary cohabitation of spouses . . . shall annul . . . all provision made either by deed or decree for permanent alimony; provided, however, that the rights of children under any deed of separation or voluntary provision or decree . . . shall not be affected by such subsequent voluntary cohabitation of the spouses.").

While our Courts have held that reconciliation voids alimony provisions, whether in a separation agreement or a court order (*e.g., Murphy, Hester,* and *O'Hara, supra*), and that a separation agreement is terminated upon reconciliation as to purposes for which it remains executory, including child support payments (*e.g. Campbell, supra*), this principle has not been applied to void, as a matter of law, a *judgment* ordering payment of child support. This Court noted in *Jackson v. Jackson,* 14 N.C. App. 71, 74, 187

S.E. 2d 490, 493 (1972): "If, after the order . . . there was a recon-
ciliation and the wife and . . . children resumed the family group
and lived together with the defendant-husband, the necessity for
the [child] support payments . . . ceased." The Court further
noted, however:

> If thereafter there was a subsequent separation and need for
> [child] support payments . . ., the courts are open for
> whatever relief may be justified by the situation then ex-
> isting. The original cause was at all times pending, and upon
> a proper motion and evidence to sustain same, an order could
> be entered granting whatever relief might be justified by the
> situation then existing.

*Jackson,* 14 N.C. App. at 74-75, 187 S.E. 2d at 493.

Here, as in *Jackson,* the pendency of the cause was not
affected by the parties' periodic sexual relations or by their tem-
porary reconciliation. The judgment in the cause was and is sub-
ject to modification or vacation at any time upon motion by either
party and a showing of changed circumstances. G.S. 50-13.7(a).
Defendant thus may, upon a proper showing, be entitled to relief
from those payments which, under the judgment, fell due during
the period of reconciliation. Neither the resumption of periodic
sexual relations nor the temporary reconciliation of the parties
necessarily affected the need for child support, however; and we
decline to hold that either, standing alone and under the cir-
cumstances of continuing family instability presented here, re-
quired the court as a matter of law to grant the motion to declare
the entire judgment void.

Defendant also contends the court erred in consolidating his
action for absolute divorce, which was filed in Wake County, with
this Alamance County action for child custody and support.
Because defendant has entered a voluntary dismissal in his Wake
County divorce action, the issue is moot; and we thus do not con-
sider it. *See In re Peoples,* 296 N.C. 109, 147-48, 250 S.E. 2d 890,
912 (1978), *cert. denied,* 442 U.S. 929, 99 S.Ct. 2859, 61 L.Ed. 2d
297 (1979); *Kendrick v. Cain,* 272 N.C. 719, 722, 159 S.E. 2d 33, 35
(1968); 1 *Strong's North Carolina Index 3d,* Appeal and Error, § 9
("An appellate court will not hear and decide a moot question, or
one which has become moot.").

Affirmed.

Judge ARNOLD concurs.

Judge MARTIN (Robert M.) concurs in the result.

Judge MARTIN (Robert M.) concurring in the result.

I am of the opinion that *Jackson v. Jackson*, 14 N.C. App. 71, 187 S.E. 2d 490 (1972), is sufficient authority to justify the trial court's denial of defendant's Rule 60(b)(4) motion and I therefore concur in the result.